## LUCIUS *v.* CAWTHON–COLEMAN COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF ALABAMA.

No. 110. Submitted December 13, 1904.—Decided January 3, 1905.

The bankruptcy court has jurisdiction to determine on a claim asserted by
the bankrupt whether property in the hands of the trustee is exempt; and
while an erroneous decision against the asserted right may be corrected
in the appropriate mode for the correction of errors, the jurisdiction of
the court is not in issue within the meaning of the act of March 3, 1891,
and a direct appeal to this court will not lie.

THIS is an appeal from a decree of the District Court of the
United States for the Southern District of Alabama, sitting in
bankruptcy, establishing and directing the enforcement of a
lien upon the proceeds of two policies of insurance in the hands
of the trustee in bankruptcy. The District Court filed findings
of fact and its conclusions of law, in pursuance to the third
subdivision of General Order in Bankruptcy 36; and an appeal
was taken upon the question of jurisdiction alone, under the
supposed authority of the fifth section of the judiciary act of
March 3, 1891.

In substance the pertinent facts stated in the findings were
as follows:

D. D. Lucius, a resident citizen of Alabama, was, in voluntary
proceedings, adjudged a bankrupt, and the case was sent to a
referee. In his schedules, Lucius claimed as exempt drugs to
the value of $1,000 and $1,000 of a balance of $1,150 due upon
the aforementioned policies of insurance. The policies sub-
sequently came into the possession of the trustee in bank-
ruptcy.

The Cawthon-Coleman Company were creditors of Lucius
for about the sum of $1,000, evidenced by a note containing a

waiver of exemption of personal property, and secured by a mortgage upon the homestead of Lucius, which mortgage contained a stipulation for insurance for the benefit of the mortgagees. The two policies above referred to were obtained in consequence of the stipulation referred to, and while in force and before the adjudication in bankruptcy the dwelling insured was destroyed by fire. Claiming, by reason of the facts just stated, an equitable lien upon the proceeds of the insurance, the Cawthon-Coleman Company filed a petition in the bankruptcy proceedings to establish and enforce their alleged lien. During the pendency of this proceeding the trustee in bankruptcy collected the balance due upon the policies. The trustee reported an allowance of the exemption out of such proceeds as claimed by the bankrupt, and shortly afterwards the bankrupt filed a plea denying jurisdiction in the court to hear and determine the claim of lien. This plea was overruled by the referee, who also refused to confirm the allowance of the exemption claimed by the bankrupt, and an order was made by the referee directing the trustee to pay to the Cawthon-Coleman Company on the mortgage indebtedness the sum of $1,001.40 out of the insurance proceeds. Thereafter, to quote from the findings, "upon a review by the district judge sitting in bankruptcy, of the referee's decision, the judge affirmed it, and rendered a decree asserting that the bankruptcy court had jurisdiction to hear and determine this matter, and granted the relief prayed by the petition of Cawthon-Coleman Company." This appeal on the question of jurisdiction was then taken direct to this court.

Mr. *Harry Pillans* and Mr. *William James Johnson* for appellant:

The bankruptcy court is of limited jurisdiction and has only the authority conferred by the statute creating it. *Re Morris,* Fed. Cas. 9,825; Collier on Bankruptcy, 11. Where jurisdiction of the court has been sustained see *Re Turnbull,* 106 Fed. Rep. 667; *Re Mayer,* 108 Fed. Rep. 599; *McGahan* v. *Anderson,* 113

Fed. Rep. 115; Brand. on Bankr., 2d ed., 126, § 2, and cases there cited. It has, however, been expressly held that property *generally* exempt cannot be subjected *in the bankruptcy court* to the satisfaction of the debt of a creditor who holds a waiver of exemption as to this particular debt, or has a claim of lien on the exempt property. *Re Grimes*, 96 Fed. Rep. 534; *Woodruff* v. *Cheeves*, 105 Fed. Rep. 601, 606; *Re Hill*, 96 Fed. Rep. 185; *Lockwood* v. *Exchange Bank*, 190 U. S. 294; *Re Hatch*, 102 Fed. Rep. 280; *Re Jackson*, 116 Fed. Rep. 46; *Ingram* v. *Wilson*, 125 Fed. Rep. 913.

The cases cited by the judge below, to the effect that the court had jurisdiction, to wit: *Cannon* v. *Dexter Broom Co.*, 120 Fed. Rep. 657; *Re Butler*, 120 Fed. Rep. 100; *Re Boyd*, 120 Fed. Rep. 999; *Re Campbell*, 124 Fed. Rep. 417, are all on the border line. They involve cases in which the state statutes provided that goods shall not be exempt against claims for the unpaid purchase price. They are flatly opposed by the cases cited *supra*.

There was no appearance or brief for appellee.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

By the express terms of subdivision 11 of section 2 of the Bankruptcy Act of 1898 jurisdiction is conferred upon courts of bankruptcy to determine all claims of bankrupts to their exemptions. When, therefore, as in the case at bar, property of the bankrupt has come into the possession of the trustee in bankruptcy, and the bankrupt has asserted in the bankruptcy court a claim to be entitled to a part or the whole of such property, as exempt property, the bankruptcy court necessarily is vested with jurisdiction to determine upon the facts before it the validity of the claimed exemption. An erroneous decision against an asserted right of exemption and a consequently erroneous holding that the property forms assets of the estate

in bankruptcy, to be administered under the direction of the bankruptcy court, while subject to correction in the mode appropriate for the correction of errors, *Lockwood* v. *Exchange Bank,* 190 U. S. 294, does not create a question of jurisdiction proper to be passed upon by this court by a direct appeal under the provisions of the act of March 3, 1891. *Denver First National Bank* v. *Klug,* 186 U. S. 202, 204, and cases cited. It necessarily results from the foregoing that as the bankruptcy court determined that the proceeds of the insurance policies in the hands of the trustee were assets of the estate in bankruptcy and not exempt property of the bankrupt, the jurisdiction existed to proceed to adjudicate the validity of an alleged equitable lien upon such property. *Hutchinson* v. *Otis,* 190 U. S. 552, 555.

As, therefore, upon the record before us, the jurisdiction of the court was not in issue within the meaning of the act of March 3, 1891, the direct appeal to this court was not properly brought, and the order must be

*Appeal dismissed.*