# JANUARY TERM, 1908

CASE 68.—ACTION BY A. BROOKS AGAINST RUFUS EBLEN
TO SUBJECT LAND TO HIS DEBT WHICH HAD
BEEN SET APART TO THE DEFENDANT AS HIS
HOMESTEAD BY THE BANKRUPT COURT.—Jan-
uary 8, 1908.

## Brooks v. Eblen, &c.

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

From the judgment defendant appeals—Affirmed.

1. Bankruptcy—Exemptions.—The court of bankruptcy has no
   jurisdiction of exempt property, except to set it aside to the
   bankrupt, and the rights of creditors to subject the same to
   their debts must be determined in the State court.
2. Same—Discharge in Bankruptcy—Effect.—A creditor having
   no lien at the time of the debtor's discharge in bankruptcy
   can not subject to his debt land acquired by the debtor after
   the creation of the debt, occupied by him as his residence, and
   set aside by the bankruptcy court as exempt.

ROBERT D. VANCE for appellant.

JOHN F. LOCKETT of counsel.

### PROPOSITIONS DISCUSSED.

1. Under the Ky. Stats., land purchased subsequently to the
creation of a debt is not exempt as to that debt, as a homestead.
(Ky. Stats., section 1702.)
2. Under the bankrupt law, now in force, title to exempted

Brooks v. Eblen, &c.

property does not pass to the trustee in bankruptcy. (Section 6, Bankrupt Act, 1898; In re Hester, 5 N. B. R., 285; Wilkerson v. Wart, 44 Vt., 508; In re Hester, 5 N. B. R., 285; In re Hunt, 5 N. B. R., 493; Bush v. Lester, 15 N. B. R., 36; Felker v. Crane, 70 Ga., 484.)

3. A discharge in bankruptcy releases a debtor from personal liability, but it in no way affects a lien or claim against property exempt from execution and exempt from distribution among general creditors. And any court of competent jurisdiction can enforce said lien or claim against said property after said discharge in bankruptcy, where no disposition is made of said property by the bankrupt court, except to approve of the trustee's report setting aside same as exempt under the laws of Kentucky. (In re Camp et al., 91 Fed., 745; In re Hill et al., 96 Fed., 185; In re Hitch, 102 Fed., 280; In re Black, 104 Fed., 289; Payne & Bro. v. Able, 7 Bush, 344; Second Nat'l Bank of Louisville v. Nat'l Bank of New Jersey, 10 Bush, 367; 5 Cyc., 403 and notes; Scott v. Elbery, 142 U. S., 381; Fetter & Co. v. Cirods, 4 B. Monroe, 402; Bonnet v. Salyers, 11 Ky. 465.)

4. A court of bankruptcy, as a rule, will not dispose of property encumbered to such an extent that nothing can be realized for general creditors by sale of it, but will exercise no control over it and leave it in the possession of and under the control of the bankrupt, subject to all existing liens and claims, and when this is done, no claim or lien against said property is affected by a discharge of debtor in bankruptcy. (5 Cyc., 333 and notes; In re Cogley, 107 Fed., 73; In re Dillard, 2 Hughes (U. S.), 190.)

LOCKETT & WORSHAM for appellees.

## POINTS AND AUTHORITIES.

1. Appellant's petition on a note for $53.80 was dismissed at his cost. This court has no jurisdiction on the appeal.

2. The plea of a discharge in bankruptcy of appellee Rufus Eblen from this note, not being questioned in the reply, the dismissal was proper.

3. The fact that Rufus Eblen's homestead was not exempt from this debt does not create a lien upon the homestead, and the suit to collect said note does not involve the title to real estate so as to authorize an appeal from the judgment dismissing the suit.

4. Admitting that the homestead bought after giving the note was not exempt from sale under execution upon a judgment on said note, still that fact gives no lien upon the homestead, but

leaves the nomestead subject to this debt to the same extent, and no more, that the debtor's other property subject to execution is liable to his general creditors.

5. The cases cited by appellant that exempted property does not vest in the trustee in bankruptcy do not reach the question to be decided.

6th. When the discharge in bankruptcy was granted, appellant had no lien for this note and had not even begun suit for its collection, and being provable under the bankrupt law the debtor was released. (Bankrupt Law, section 17.)

7. If the homestead was subject to this debt, then it did pass to the trustee, and the bankrupt court could have sold it.

8. The land was encumbered to its value by lien for the purchase money, and the trustee and appellant not questioning the lien, the property was thereby relinquished to said lien-holder.

9. But this fact in no way affects the bankrupt's discharge from his provable debts.

10. Appellant was duly notified of the proceedings in bankruptcy, and his debt is extinguished.

OPINION OF THE COURT BY JUDGE HOBSON—
Affirming.

On February 6, 1896, Rufus Eblen executed to A. Brooks his promissory note. On October 20, 1902, Eblen purchased a tract of land upon which he resided with his family. On September 6, 1904, he was adjudged a bankrupt, and on November 12, 1904, he received a discharge in bankruptcy from all his debts. The tract of land referred to was set apart in the bankruptcy proceding as his homestead. On November 14, 1905, Brooks filed this suit in the Henderson circuit court against Eblen, in which he set up the foregoing facts and sought to subject the tract of land to his debt on the ground that it was purchased after his debt was created. Eblen relied upon his discharge in bankruptcy, the circuit court sustained the defense, and Brooks appeals.

As Brooks' debt was created before the purchase

of the homestead, he may subject it to his debt in this proceeding, unless he is barred of that right by the discharge of the debtor in bankruptcy. Exempt property is never in the court of bankruptcy. The title to it remains in the bankrupt. The court of bankruptcy has no jurisdiction of it, except to set it aside to the bankrupt. All questions as to the rights of creditors to subject such property must be determined in the State courts of competent jurisdiction. Brandenburg on Bankruptcy, section 185. In the case of Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, it was held by the United States Supreme Court that a creditor holding a note which waived the homestead could not subject the homestead in the bankruptcy proceedings, but that the bankruptcy court should postpone the discharge of the bankrupt for a reasonable time to allow the creditor to institute in the State court such proceedings as were necessary to make effective the creditor's rights; and in that case the judgment of the circuit court was reversed, with directions to it to confirm the assignment of the homestead and to withold the discharge of the bankrupt until a reasonable time had elapsed for the excepting creditor to assert his rights in a State tribunal. We regard that case as conclusive here, as we cannot assume that the supreme court would have directed the discharge of the bankrupt to be withheld unless in its opinion the discharge of the bankrupt would have been a bar to the creditor's proceeding in the State court.

In Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 88 N. W. 703, 58 L. R. A. 770, before the bankrupt was discharged, and after the proceeding in bankruptcy was begun, the creditor took out an attachment, which was levied upon exempt property. It

Brooks v. Eblen, &c.

was held that the subsequent discharge of the debtor did not discharge the lien created by the attachment, and that the property might be thereafter subjected, although the debtor had been afterwards discharged in bankruptcy. In McKenney v. Cheney, 118 Ga. 387, 45 S. E. 433, the creditor had a judgment lien upon the property, and the debtor was adjudged a bankrupt; in Bell v. Dawson Co., 120 Ga. 628, 48 S. E. 150, the creditor began his suit in the State court and had the property placed in the hands of a receiver, while the bankruptcy court had held up the debtor's discharge in bankruptcy. In Flint v. Chaloupa (Neb.) 111 N. W. 465, the creditor had brought his suit to set aside a fraudulent conveyance a year before the debtor was adjudged a bankrupt. Adjudication in bankruptcy and the discharge of the debtor from his debts by the bankruptcy court do not affect the liens of creditors, except as provided by the bankrupt act. But here the creditor had no lien when the debtor was discharged. He simply had a debt as to which certain property was not exempt which was exempt as to other debts created after its purchase. The question of exemptions was necessarily incidental to the existence of the debt, and, when the debt was discharged before any lien had been acquired on the property, the right to enforce the debt was lost.

Judgment affirmed.