JOHN A. REMINGER, Admr., Appellee, *vs.* MARY JOBLON-
SKI *et al.*—(BRANISLAW JOBLONSKI, Appellant.)

*Opinion filed December 22, 1915.*

1. DEEDS—*when deed to homestead premises conveys nothing.*
A deed to homestead premises worth less than $1000 conveys noth-
ing where the wife does not join in the deed, and the deed may be
set aside at the suit of the grantor's administrator in a proceeding
to sell real estate to pay debts.

2. TRUSTS—*what does not show a resulting trust.* The mere
fact that a son loans his father the money to buy land the title to
which was taken in the name of the father does not establish a
resulting trust, particularly where the father, more than five years
after the purchase, made a deed to the land to the son reserving a
life estate in himself.

3. HOMESTEAD—*homestead premises may be sold with consent
of widow.* While the estate of homestead cannot be severed from
the fee during the continuance of the homestead estate, yet sec-
tion 101 of the Administration act authorizes the court, with the
consent of the person entitled to the homestead estate, to order a
sale of the homestead and fee together and to divide the proceeds
of the sale, giving to the person entitled to the homestead estate
the cash value of the same.

4. WITNESSES—*when son of decedent is incompetent to testify
in suit by administrator.* In a proceeding by an administrator to
sell land to pay debts and to set aside a deed from the decedent
to his son, the son is incompetent to testify in his own behalf to
establish a resulting trust in the land in his favor.

APPEAL from the County Court of Washington county;
the Hon. W. P. GREEN, Judge, presiding.

JAMES A. WATTS, and J. PAUL CARTER, for appellant.

H. H. HOUSE, and NOLEMAN & SMITH, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

This is an appeal by Branislaw Joblonski from a de-
cree of the county court of Washington county entered in
a proceeding by the administrator of the estate of John

Joblonski, deceased, to sell real estate to pay debts of the estate, setting aside a deed made to the appellant by his father, John Joblonski, and ordering a sale of the premises described in the deed.

The appellant interposed three defenses to the petition of the administrator: First, that he was the owner by virtue of a deed executed by his father to him; second, that the beneficial title was in him on account of his having furnished the purchase price of the premises; and third, that the premises were the homestead of his father and of his widow, and for that reason could not be sold to pay debts of the estate.

The property consisted of two lots in the town of Du-Bois, which did not exceed $400 in value and were occupied by John Joblonski as his homestead and have since been occupied by his widow. The deed under which the appellant claimed was made by John Joblonski on November 30, 1912, in consideration of five dollars and love and affection, and reserved a life estate to the grantor. Mary Joblonski, the wife of the grantor, did not join in the deed, and as the homestead property was worth less than $1000 the deed was ineffective to convey anything. (*Jespersen* v. *Mech*, 213 Ill. 488; *Hathaway* v. *Cook*, 258 id. 92.) The court did not err in setting aside the deed.

The next defense was that the property was bought with the money of the appellant and therefore a resulting trust arose at the time of the purchase. He was a witness and was objected to as not being competent to testify. He was disqualified, but if he had been a competent witness his testimony would not have established a resulting trust. It went no farther than to show a loan of the purchase money to his father. The competent testimony in behalf of the appellant showed that John Joblonski wanted to purchase the property for himself but did not have the means, and appellant borrowed $350 (which was the pur-

chase price) and let his father have it. An intention that the grantee of a deed is not to receive and hold the legal title as the beneficial owner, not expressed but inferred by the courts of equity from the payment of the consideration, is an essential element to the creation of a resulting trust. That intention could not be inferred in this case, both because the evidence tended to show a loan of the money, and for the reason that the deed, made more than five years afterward, reserving a life estate to the father, tended to negative such an intention. The court was right in deciding that the premises were the property of the estate.

The third defense was that the premises were the homestead of John Joblonski and continued to be the homestead of his widow, and therefore could not be sold to pay debts. An estate of homestead cannot be severed from the fee of the land. During a continuance of the homestead estate the property is exempt from sale for debts of the deceased owner, and it cannot be sold, subject to the estate of homestead, to pay such debts. (*Hartman* v. *Schultz,* 101 Ill. 437; *Oeltinger* v. *Specht,* 162 id. 179; *Mueller* v. *Conrad,* 178 id. 276; *People* v. *Lanham,* 189 id. 326; *Hanna* v. *Palmer,* 194 id. 41.) Section 101 of the Administration act, however, enables the court to order a sale of the estate of homestead and fee together and to divide the proceeds of the sale by giving to the person entitled to the homestead the cash value of the same. In this case the widow filed her consent, and the court did not err in decreeing a sale of the premises during the continuance of the homestead estate. *Hayack* v. *Will,* 169 Ill. 145.

The decree is affirmed.          *Decree affirmed.*