# West v. West's Trustee.

(Decided April 27, 1937.)

OSCAR W. BLACK for appellant.

R. B. JOHNSON and WILLIAM A. HAMM for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Allen West instituted this equitable action in the Laurel circuit court against Lee B. McHargue, trustee in bankruptcy of Allen West, and alleged in his petition that on March 16, 1934, he filed his petition in bankruptcy in the United States District Court of the Eastern District of Kentucky, listing as assets all his property located in Laurel county, Ky., consisting of three tracts of land, two of which were under mortgage, but claimed the other tract as exempt to him as a homestead; that he had moved the trustee in bankruptcy to set aside the third tract to him as a homestead exemption, but the trustee had refused to do so; that the trustee was threatening to make a deed to the third tract of land and would do so unless restrained by order of the court. He prayed that the trustee be restrained from making any deed to the third tract described in the petition and that he be required to set same aside to plaintiff as a homestead. The court sustained a special demurrer to and dismissed the petition and plaintiff is appealing.

As appears from briefs filed in behalf of the respective parties, the lower court sustained the special demurrer to the petition on the theory that appellant having filed his petition in bankruptcy in the District Court of the United States and that court having jurisdiction to determine all rights to homestead or other exemptions, it was incumbent upon him to have his rights to exemptions adjudicated and determined in that court. Counsel for appellant contends, however, that bankruptcy courts have no jurisdiction to determine questions of exemption and cite the case of Lockwood

v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061, as sustaining such contention. In that case the court had for consideration a statute of the state of Georgia which provided for a general exemption from levy or sale realty or personalty or both in the aggregate value of $1,600, but under that statute a debtor was invested with authority to waive or renounce in writing his right of exemption, except as to wearing apparel and also household effects not exceeding in value $300. A resident of Georgia filed a petition in bankruptcy in the United States District Court of Georgia and made claim to the full exemption under the statute which was allowed by the trustee. The Exchange Bank, a creditor of the bankrupt, whose evidence of indebtedness contained a waiver of exemption by the bankrupt, as provided in the statute filed exception to the report of the trustee and asked that the property set aside as exempt be subjected to the payment of its debt under the waiver. The statute of Georgia provided when and in what manner property set aside to a defendant in execution might be subjected under evidence of indebtedness waiving or renouncing exemption as therein provided. It was held in effect that under the Bankruptcy Act of 1898 (11 U. S. C. A. sec. 1 et seq.), the court had authority over property exempted by the law of the state in which the bankrupt resided in order to set it aside as exempt; but that the bankruptcy court was without power to administer the property even if the bankrupt had under the law of the state waived his exemption in favor of certain creditors, since the title to the exempt property remained in the bankrupt and did not pass to the trustee.

The judgment of the lower court was reversed and the cause remanded with directions to overrule exceptions to the trustee's assignment of the homestead and exemptions, and to withhold discharge of the bankrupt if he was otherwise entitled thereto until a reasonable time elapsed for the excepting creditor to assert his alleged right to subject the exempt property to the satisfaction of the claim in the state court. Therefore, as will be seen, the Supreme Court specifically held that the bankruptcy court could determine rights of exemption, but that the title to exempt property remained in the bankrupt and could not be administered by the trustee.

In the case of Lucius v. Cawthon-Coleman Co., 196 U. S. 149, 25 S. Ct. 214, 215, 49 L. Ed. 425, it is said:

"By the express terms of subdivision 11 of sec. 2 of the bankruptcy act of 1898 (11 U. S. C. A. sec. 11 (11)) jurisdiction is conferred upon courts of bankruptcy to determine all claims of bankrupts to their exemptions."

That part of the Bankruptcy Act referred to in the above-quoted excerpt so far as pertinent reads:

"The courts of bankruptcy as defined in the previous chapter, viz., the district courts of the United States in the several States, * * * courts of bankruptcy, and are invested, within their respective territorial limits, * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings * * * to * * * (11) determine all claims of bankrupts to their exemptions." See 11 U. S. C. A. sec. 11.

In Brooks v. Eblen et al., 127 Ky. 727, 106 S. W. 308, 32 Ky. Law Rep. 543, this court recognized the jurisdiction of bankruptcy courts to set aside exempt property to a bankrupt, but held that all questions as to the right of creditors to such exempt property must be determined in the state court. See, also, Bracewell v. Hughes, 214 Iowa, 241, 242 N. W. 66, and cases therein cited; Bogart et ux. v. Cowboy State Bank & Trust Co. et al. (Tex. Civ. App.) 182 S. W. 678; 3 R. C. L. 258.

From the foregoing authorities, it is apparent and we are constrained to hold that the bankruptcy court did have jurisdiction to determine claims of exemption and appellant having submitted his claim for exemption to that court for determination as alleged in his petition, the special demurrer thereto was properly sustained.

Judgment affirmed.