## JOHNSON v. PROSPER STATE BANK.

### No. 12646.

Court of Civil Appeals of Texas. Dallas.

Feb. 4, 1939.

Rehearing Denied March 4, 1939.

B. W. Ashworth and W. H. Hall, both of Dallas, and Smith & Dowdy, of McKinney, for appellant.

Jno. D. Reese, of McKinney, for appellee.

BOND, Chief Justice.

On April 27, 1926, Continental State Bank of Prosper recovered a judgment against appellant, J. T. Johnson, on a promissory note—principal, interest, and attorney's fee—in the sum of $1,484.81. In 1931, appellee, Prosper State Bank, succeeded to all of the assets and properties, including the judgment of the Continental State Bank, and in 1934, filed and properly indexed an abstract of the judgment in the office of the County Clerk of Collin County, Texas, in such manner as to create a valid and subsisting lien on all land then owned, and that subsequently acquired by the judgment debtor not impressed with homestead.

In 1929, the mother of appellant died intestate, leaving surviving her, her husband and six children, one of whom is the appellant, J. T. Johnson; and at the time of her death, and for many years prior thereto, she and her husband were the owners and in possession of appoximately ninety acres of land situated in Collin County, on which she and her husband established their community homestead, and, after the death of the mother, the father continued the occupancy of the land as his homestead, acquiring all possessory rights thereto, to the exclusion of the children, until his death in 1935.

The father of appellant died testate, and, in his will, bequeathed to each of his six children an undivided one-sixth interest in his portion of the land and appointed two of his children, J. F. and S. S. Johnson, executors of his estate. The will was probated, the executors qualified and took possession of and administered the land under the will, never relinquishing any tract or portion thereof to the heirs, until November, 1936, when a deed of partition was executed and appellant then, for the first time, came into possession of his portion of the land, segregated from that of the other joint owners, and thereafter rented it to his brother for agriculture.

In August, 1936, appellant filed in the Bankruptcy Court for the Northern District of Texas, an application to be discharged from all of his debts and, in due order, presented a schedule of assets, liabilities, and exemptions, whereupon, the Referee in Bankruptcy, after giving proper notice to each of his creditors, including the bank, discharged the bankrupt from the payment of his debts and set aside the land under consideration as his homestead, without reference to the judgment lien. Appellee ignored, thus took no part in the bankrupcy proceedings.

On January 2, 1937, appellee instituted this suit against appellant in the district court of Collin County, to foreclose the judgment lien upon the property above mentioned, alleging in detail the acquisition of the judgment and the various steps taken to secure a lien upon lands of appellant by abstracting and indexing the judgment in the manner stated. Appellant defended by

general demurrer, denial, and special plea, of homestead exemption, evidenced by intention coupled with open, visible preparation to make the land his home; and that the bankruptcy proceedings, discharging him and setting aside the land as his homestead res adjudicata of the issues in suit, thus discharging the judgment lien, if any existed, upon the land under consideration.

The cause was tried to a jury and, at the conclusion of the testimony, the court peremptorily instructed a verdict for the plaintiff, foreclosing the judgment lien on the land; accordingly, entered judgment.

Appellant's first contention is that the land inherited by him from his mother and father is his homestead and not subject to the alleged judgment lien of appellee. He bases his claim thereto on the bankruptcy proceedings and on his testimony, supported by that of his wife, that, during the life time of his mother and father, he formed an intention to make his home on their land; that, after the death of his mother, he evinced such intention by having plans for a house prepared, investigated the cost of building, and made application for a loan to erect the improvements, and that, in January 1937, after the death of his father, he caused to be planted four shade trees on the edge of the 15 acre tract of land which had been segregated and set aside to him in the partition of his parents' estate.

■■■ It is uncontradicted that, at the time appellant formed the intention of establishing his home on the land, the land was the community homestead of and owned and occupied by appellant's father and mother, and that, at the time of the mother's death in 1929, the father continued the homestead possession, to the exclusion of his children, until his death in 1935, and, then, the executors of his will held possession thereof until the partition in November, 1936. We fail to see how, assuming appellant's intention and preparation for the home to be true, trivial as it is, the asserted homestead rights could exist on his undivided interest. It had not been segregated or in his possession, but was in the exclusive possession of another. The father, at the death of his wife, acquired all possessory right to the exclusion of the children, and until appellant's interest was determined and he entitled to possession and occupancy, he was in no position to impress the land with a homestead. The constitutional privileges of a homestead

[Vernon's Ann.St.Const. art. 16, § 51] are not accorded to two claimants, coextensive with each other, on the same tract of land.

■■■ It is settled law, to entitle a debtor to homestead exemption, he must have, at least, a possessory interest in the land, a present right of occupancy. Future estates, therefore, whether vested or contingent, will not support a claim of homestead, irrespective of intention and preparation of one out of possession to occupy the land when and if the right of possession and occupancy become a reality.

In Massillon Engine & Thresher Co. v. Barrow et al., Tex.Com.App., 231 S.W. 368, 369, Clarence Barrow inherited an undivided interest in a tract of land from his father; at his father's death, his mother continued the right of homestead possession; Barrow lived in his mother's home, and his homestead rights were coextensive with and confined to the identical land used by his mother as her homestead. In that case, the Commission of Appeals, opinion adopted by our Supreme Court, said: "It is quite clear from the undisputed evidence that the alleged claim of Clarence Barrow to a homestead right is coextensive with and confined to the identical land used by his mother as her independent homestead. No act of his indicated an intention to devote any of the land, outside of that held and used by the mother, to homestead purposes. No contention is made that she abandoned her homestead, or waived her right thereto; but, on the other hand, it is admitted that she continued to exercise the right of homestead possessions given her under the Constitution until her death. This right was, we think, exclusive, and precluded Clarence Barrow and the other heirs absolutly from asserting a homestead interest in the same land which she claimed as a homestead, while her right of possession continued and was exercised."

The court, in that case, cited with approval, a cognate question decided by the Supreme Court of Kentucky, Merrifield v. Merrifield's Assignee, 82 Ky. 526, in which that court said: "But both she (the widow) and D. B. Merrifield (the son) cannot have a homestead in the land. It was decided in the case of Meguiar, Helm & Co. v. Burr [81 Ky. 32], 4 Ky.Law Rep. 659, that joint owners of a tract of land, upon which they both live in separate buildings with their families, are each entitled to a homestead, although the land has not been divided. But this court has never gone so far as

to determine that both the widow and remainderman can, at the same time, have a homestead in the same land, nor do we think the statute can be so applied and extended. The theory of the homestead exemption is that the debtor requires a prescribed amount in value of land to be set apart for the support of himself and dependent family, but to accomplish such a beneficent object he must have the right to occupy and use it; * * * but a party having merely an interest in remainder is without any right to the possession, and, in the meaning of the law, not in possession."

It is well to note that, in the Barrow case, above cited, the Supreme Court considered the decision of the majority in Ward v. Walker, Tex.Civ.App., 159 S.W. 320, writ of error denied, holding contrary view,— that a child of a survivor owning an undivided interest in land devoted to homestead purposes by the survivor may acquire a homestead interest in the same land designated and used as a homestead. The Commission of Appeals said: "In our opinion the decision of the majority upon that question was erroneous".

In Rettig et al. v. Houston West End Realty Co., Tex.Com.App., 254 S.W. 765, the facts there were similar to those in the Barrow case, the Merrifield case, and in the instant case, Judge German, speaking for the Commission of Appeals, held that where a son, with the consent of his father and mother, built a house on their land, which, after the death of his mother, he inherited an interest therein, and lived there with his wife for such time and under such circumstances as would allow him to claim a homestead right in the land, provided he could do so, as a matter of law, and where the surviving husband continued to reside in the homestead and never relinquished any specific tract or portion thereof, but merely permitted his son to live in the house which the son had built thereon; the son did not acquire a homestead interest in the land while the father lived, though at his mother's death he inherited an interest in the land.

In Tucker v. Dodson, Tex.Civ.App., 245 S.W. 728, and in Greenawalt v. Cunningham et al., Tex.Civ.App., 107 S.W.2d 1099, this court determined almost the precise question as here presented. In the Tucker-Dodson case, the father owned a one-half interest in the land and occupied it as his homestead, under the provisions of the Constitution, made a parol gift of a part of the land to his son, who owned an undivided one-twentieth interest, and the son went upon the land, made valuable improvements and resided thereon as his homestead. He was permitted to claim a homestead right in that part of the land to which his father had surrendered complete control and which he had appropriated to his exclusive use. However, this court recognized the rule in this language: "Since appellant owned in fee simple a one-twentieth undivided interest in the land, he had the right of occupancy as between himself and all the other joint owners except his father. The latter under his homestead proprietorship alone could deny him occupancy. This homestead right in the father, so long as he desired to exercise it over the entire tract, excluded the assertion of a homestead interest by appellant. But since appellant's father could and did lawfully abandon that right as to the small tract to which he granted appellant all his title, appellant established his homestead, according to the views above expressed, by living upon it and improving and using it as a home." [245 S.W. 730.]

So, also, is the holding in the case of Greenawalt v. Cunningham, supra, the children inherited title to their mother's land, subject to homestead of their father; it was there held that the children's interest being merely right in remainder without right of possession, and, in law, not in possession, since the father acquired possessory right to the exclusion of the children, the son did not, and could not, acquire a homestead interest therein.

It is clear, we think, that before the death of the mother and father, appellant's inheritance in their estates was not, and could not be, impressed with his claim of homestead. He was not in possession of the land and, in law, had no right of possession. The father acquired all possessory right, at the death of the mother, to the exclusion of his children; and, at the father's death, his executors acquired possession to the exclusion of all others. In 1934, appellee's judgment lien was established, covered appellant's interest in his mother's estate, subject only to the homestead rights of his father; and, at the death of his father, the lien was further extended to the interest appellant inherited by will of his father, subject only to the administration by his executors. Appellant's homestead claim in the property could not and did not originate

prior to the death of his parents, and, as a matter of law, the premises were never impressed with his homestead as to affect appellee's lien.

■ Appellant's further contention is, that the act of the Bankruptcy Court in adjudicating him a bankrupt and setting aside to him the premises as his homestead was res adjudicata, an action in rem, and binding on the world until vacated by a court of competent jurisdiction; and, such order tantamounts to a discharge of appellee's debt and release of the judgment lien on the designated homestead. The conclusion from the premise stated is not the law. The setting aside of a homestead to a judgment debtor does not affect the rights of those who hold valid liens on the property. 6 Tex.Jur. 44, sec. 32; J. H. L. Bray et ux. v. W. B. Aikin, 60 Tex. 688; Bogart et ux. v. Cowboy State Bank & Trust Co. et al., Tex.Civ.App., 182 S.W. 678; Price v. McAnelly et ux., Tex.Civ. App., 287 S.W. 77, 80.

In the case last cited (Price v. McAnelly), the court said: "The establishment of the homestead upon the premises did not have the effect, however, of impairing or . otherwise affecting the existing deed of trust lien upon the property, or the power of the owner to renew or extend that lien or the debt it secured. The right to collect his debt and enforce his lien had become vested in the creditor before the homestead character, was impressed upon the property, and was not affected thereby. Dillon v. Kauffman, 58 Tex. 696."

And, in the Bogart-Bank case, the court said: "The rule is that exempt property is never really in the bankruptcy court, nor is the owner divested of his title where he properly urges his claim for exemption. The court has no jurisdiction of it except to set it aside as exempt property. The rights of lien creditors with reference to it must be determined in the state courts. First Remington on Bankruptcy, §§ 1022, 1024; 1 Loveland on Bankruptcy, p. 88; Brooks v. Eblen [127 Ky. 727], 106 S.W. 308, and authorities there cited." [182 S.W. 680.]

■ Courts of Bankruptcy have jurisdiction to determine the merits of a bankrupt's claim to homestead and exempt it as against general creditors, and such adjudication may not be collaterally attacked in a subsequent action. Friedsam v. Rose, Tex. Civ.App., 271 S.W. 417; First Nat. Bank of Caddo v. Gupton et al., Tex.Civ.App., 278 S.W. 292. This, however, does not mean that such an order, merely setting aside the homestead, ipso facto, adjudicates the rights of lien holders , acquired prior to the bankruptcy proceedings. In fact, it does not impair the rights of lien holders. Section 67f of the Bankruptcy Act, 11 U.S. C.A. § 107 (f), provides that: "All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, and any bond which may be given to dissolve any such lien so created, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien * * * shall be deemed wholly discharged and released from the same, * * *."

■ So, we think, in this case, the order of the Bankruptcy Court setting aside the premises as the homestead of the judgment debtor, did not and could not have the effect of discharging, impairing or otherwise affecting the judgment lien under consideration. The lien had become a vested right in appellee long before the premises, if ever, were impressed with appellant's homestead, and was obtained more than four months prior to the filing of the petition in bankruptcy; thus, the order setting aside the premises as appellant's homestead in no way affected appellee's rights therein. Whatever rights appellant acquired by the order of the Bankruptcy Court, establishing his homestead on the premises, was and is subject to appellee's valid and subsisting lien thereon.

We have carefully reviewed all assignments and have reached the conclusion that the trial court did not err in peremptorily instructing a verdict, and entering judgment in favor of the validity of appellee's judgment lien and directing foreclosure on the premises; accordingly, the assignments are overruled; the judgment of the court below is affirmed.

Affirmed.