(No. 30425.

MORRIS INVESTMENT COMPANY, Appellant, *vs.* IRENE M. SKELDON *et al.,* Appellees.

*Opinion filed March 18, 1948.*

JESSE MARCUS, of Chicago, for appellant.

DONALD F. WISE, of Joliet, for appellees.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

Plaintiff instituted this suit in the circuit court of Will County to partition a certain lot in which it claimed an undivided one-half interest. After hearing evidence, the chancellor found plaintiff had no title or interest in the lot and dismissed the complaint for want of equity. Plaintiff has appealed directly to this court.

On and prior to November 27, 1934, Ole A. Vogen and Irene M. Vogen, husband and wife, held the title as joint tenants and not as tenants in common. On that day they mortgaged it to the Home Owners' Loan Corporation to secure the payment of $1950. Homestead rights were released by the mortgage to the extent of the mortgagee's interest. The Vogens continued to occupy the premises as a home, and in October, 1940, while residing on the premises with his family, Ole A. Vogen filed a voluntary petition in bankruptcy. He scheduled as an asset an undivided one-half interest in the lot, noting therein that it was encumbered to the Home Owners' Loan Corporation to an unpaid balance of approximately $1700, and that it was occupied by the bankrupt as a homestead. The bankruptcy court appointed a trustee and on his petition filed November 8, 1940, appointed three appraisers. Their report, dated November 13, 1940, listed as an asset which they had appraised the undivided one-half interest in the lot in question. They fixed the full value of real estate at $2000, but in the column provided in the form for the listing of the value of the property owned by the bankrupt, they entered the value at $1000. The report contains no reference to the mortgage indebtedness or to any homestead rights of the bankrupt.

In January, 1941, the trustee in bankruptcy filed a petition in the bankruptcy court asking permission to sell all the right, title and interest of the bankrupt in and to an undivided one-half interest in the lot involved in this pro-

ceeding. After notice, an order was entered directing the sale and on the day of sale, which was February 7, 1941, the undivided one-half interest was sold to the plaintiff on its bid of $30. A report of sale was approved and the court ordered the trustee to execute and deliver a deed to the plaintiff. The trustee's deed was filed for record within a few days after its delivery.

The Vogens continued in possession of the property during the bankruptcy proceeding and at the time of the entry of the orders and the execution of the deed referred to, but thereafter on July 19, 1943, Irene M. Vogen obtained a divorce. A few days thereafter Ole A. Vogen conveyed to her all his interest in the lot, including a release of the right of homestead. The deed was recorded August 2, 1943. Irene M. Vogen continued to occupy the same as a home for herself and children. In September, 1943, she and Evan Skeldon were married and they continued to reside therein.

Plaintiff claims that it acquired an interest in the property by virtue of the trustee's deed, and that it has title to an undivided one-half interest subject to the one-half of the unpaid balance of the mortgage. Irene M. Skeldon contends that the evidence shows that Ole A. Vogen claimed his homestead exemption rights in the bankruptcy proceeding, that his interest in the property was of a value less than $1000, that he did not waive his rights or consent to a sale of the property disencumbered of his homestead right, and that, therefore, the trustee's deed was ineffective to pass title.

An issue was raised by the pleadings as to whether Ole A. Vogen claimed his homestead rights in the bankruptcy schedule. The chancellor found that such claim had been made and such finding is supported by the facts set forth in the bankrupt's schedule. An issue was also raised as to the value of Ole A. Vogen's interest at the

time of the filing of the petition in bankruptcy and at the time of the sale. The chancellor found the same to be of value less than $1000. In addition to the facts shown in the appraisers' report, it appears that on the trial of the present case the parties stipulated that if Stanley Monroe and Walter Steffes were present, they would testify that in their opinion the fair cash value of the property on the date of plaintiff's deed was $2000 to $2210, and that its present value was approximately $5500. The evidence shows that the unpaid balance on the mortgage as of February 7, 1941, was $1453.82. At the time of the hearing in the instant case, it was $1519.50.

Section 1 of the Homestead Exemption Act (Ill. Rev. Stat. 1947, chap. 52, par. 1,) insofar as material here, is as follows: "That every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $1000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence." Three conditions must exist under this statute in order that an estate of homestead be created: (1) the claimant must be a householder; (2) he must have a family; and (3) the premises must be occupied as a residence. (*Rock Island Bank and Trust Co.* v. *Lamont,* 361 Ill. 432; *Rock* v. *Haas,* 110 Ill. 528.) If the husband is living and residing with his family, he is the householder contemplated by the statute and the estate of homestead is vested in him. (*Taylor* v. *Taylor,* 223 Ill. 423; *Brokaw* v. *Ogle,* 170 Ill. 115.) Two separate homestead estates cannot coextensively exist in the same premises at the same time. *Brokaw* v. *Ogle,* 170 Ill. 115.

Ole A. Vogen was a householder when he filed his petition in bankruptcy in October, 1940, and was occupying the lot in question as a home for himself and family. The lot with the improvements thereon had a value at that

time of approximately $2000. It was encumbered by a mortgage to secure an indebtedness on which approximately $1600 remained unpaid. The mortgage indebtedness deducted from the full value left an equity of $400, one-half of which was owned by Ole A. Vogen. His estate was exempt under section 1 of the Homestead Exemption Act from levy or sale for the payment of his debts. A question arises as to what title, if any, the trustee in bankruptcy acquired in and to said estate of homestead.

Section 24 of title 11, U.S.C.A., provides that the provisions of the Bankruptcy Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws in force at the time of the filing of the petition, in the State where they have had their domicile for the six months, or the greater portion thereof, immediately preceding the filing of the petition. Subdivision (a) of section 110, of title 11, U.S.C.A., provides that the trustee of the estate of a bankrupt, upon his appointment and qualification, "shall be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except insofar as it is to property which is exempt * * *." And subdivision (c) of the same section provides that the title to property of a bankrupt estate which has been sold as provided in this title, shall be conveyed to the purchaser by the trustee. The title to exempt property under the provisions of the sections referred to remains in the bankrupt and does not vest in the trustee. *Lockwood* v. *Exchange Bank,* 190 U.S. 294, 47 L.ed. 1061.

In *In Re Bitter,* 255 Fed. 48, (C.C.A. Ill.) it was said: "Homestead rights must be distinguished from homestead estates. A homestead right is the claim to exemption out of a larger mass. A homestead estate is one which is entirely exempt. No act of administration is necessary to secure a homestead estate to the bankrupt. Homestead rights call for administration to make them available out

of the larger mass of property which is subject to them * * *. A homestead to the extent of $1,000 is exempt and if the homestead premises over and above encumbrances are worth less than $1,000, the property is absolutely free from the claims of creditors." This is in accord with the construction placed upon the Homestead Exemption Act by this court. *Mueller* v. *Conrad*, 178 Ill. 276; *Jespersen* v. *Mech*, 213 Ill. 488; *Atherton* v. *Hughes*, 249 Ill. 317; *Reminger* v. *Joblonski*, 271 Ill. 71.

Plaintiff contends that this suit is a collateral attack upon the bankruptcy proceeding. From what has been said it is obvious that the bankruptcy court was without jurisdiction to direct a sale of the Ole A. Vogen interest in this lot, and, therefore, the principle which protects judgments against collateral attack does not apply in this case.

Plaintiff's deed from the trustee in bankruptcy was ineffective to pass title to the estate of homestead of Ole A. Vogen. It is not necessary to pursue the inquiry as to the character of the estate conveyed by Ole A. Vogen to Irene M. Vogen after the divorce proceeding, for, as pointed out, plaintiff had no title or interest in the property by virtue of its deed and could not maintain a partition action.

The defendants filed a cross complaint praying that the trustee's deed to plaintiff be removed as a cloud on title. Such relief was in accord with the views expressed.

The decree of the circuit court was correct and is affirmed.

*Decree affirmed.*