In the Matter of Charles L. VICTOR, Bankrupt.

No. RI–311.

United States District Court
S. D. Illinois, N. D.
June 17, 1963.

Frederick H. Potter, Rock Island, Ill., for bankrupt.

MERCER, Chief Judge.

On September 4, 1962, Charles L. Victor was adjudicated a bankrupt by this Court. John G. Ames was appointed trustee of his estate. At the time of that adjudication, Victor and his wife, Rosie L. Victor, owned real estate in joint tenancy, which had a fair market value of approximately $6,000.00 and was subject to a mortgage to First Federal Savings & Loan Association of Davenport, Iowa.

On November 2, 1962, the trustee filed a petition for the sale of said real estate, asserting the power under Section 2, sub. a(7) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(7), to sell the whole of the real estate, including the undivided interest of the non-bankrupt wife.

The wife appeared specially, challenging the jurisdiction of the court to order the sale of her undivided interest in the real estate. The petition came on before the Referee upon stipulated facts, and the Referee determined that the court was without jurisdiction to order a sale of the undivided interest of the wife in the premises. The trustee has filed his petition for review, praying that that decision by the Referee be overruled.

The issue presented is the question whether a court of bankruptcy is empowered by the provisions of Section 2, sub. a(7) of the Act to authorize a trustee to sell the undivided one-half interest of a non-bankrupt spouse in real estate which she owns jointly with her bankrupt husband?

In my opinion, the Referee correctly held that the court is without jurisdiction to decree the sale of such property. Certainly, fulfillment of the object which the Bankruptcy Act is designed to attain does not require the existence of jurisdiction in this instance.

The Act contemplates that a trustee shall succeed to the rights of the bankrupt in the bankrupt's property. It further contemplates that a summary jurisdiction shall exist in the bankruptcy court to obtain the sale and liquidation of the assets of a bankrupt with the minimum of delay and expense which shall be consistent with the protection of the rights of other persons claiming an interest in a bankrupt's property.[1] The jurisdictional grant of 2, sub. a(7) is designed to achieve that object of the Act.

Thus, Section 2, sub. a(7) gives the court jurisdiction to cause the estate of a bankrupt to be collected, liquidated and distributed to creditors and to "determine and liquidate all inchoate and vested interests of the bankrupt's spouse in the property of any estate whenever, under the applicable laws of the State, creditors are empowered to compel such spouse to accept a money satisfaction for such interest." 11 U.S.C.A. § 11, sub. a(7).

The trustee argues that the power of the court to order the liquidation of inchoate and vested interests of a spouse in a bankrupt's property should be construed as a grant of power to order the sale of all property owned jointly by a bankrupt and his spouse, because, under the law of Illinois, such property might be sold by a partition suit. In re Blodgett, E.D.Wis., 115 F.Supp. 33, seemingly supports the trustee in that argument, although it is not clear from the reported opinion that the question was squarely presented to that court as a jurisdictional issue. To the extent that Blodgett, does support the trustee's position, I must, respectfully, disagree with the able jurist who decided that case.

When measuring the summary jurisdiction of a bankruptcy court, the distinction between the property of the bankrupt and the property of others which is collaterally affected by the bankruptcy must always be kept true and clear. In this instance, the summary ju-

1. 11 U.S.C.A. § 1, et seq.

risdiction attaches to the bankrupt's title to an undivided one-half of the real estate and to any interest which the wife may have in his title, but not to the title of the wife in her own right. Under 2, sub. a(7), the jurisdiction of the court over property of the wife is coextensive with, but no greater than, the power of a creditor to compel, under Illinois law the sale of such interests by execution upon a judgment against the bankrupt.

■ Upon the adjudication of bankruptcy, the joint tenancy theretofore prevailing between the bankrupt and his wife was ended. Thereafter, they held title to the premises as tenants in common. Morris Investment Co. v. Skeldon, 399 Ill. 506, 78 N.E.2d 504. Tenants in common share a unity of possession of premises so owned, but each holds a several and distinct title to his undivided interest in the premises. Mittel v. Karl, 133 Ill. 65, 24 N.E. 553, 8 L.R.A. 655; 34 I.L.P., Tenancy in Common, § 2. The title of each is subject to levy and sale by a judgment creditor, but such sale does not affect the title of any other of the tenants in common. Cf., e. g., Jackson v. Lacey, 408 Ill. 530, 97 N.E.2d 839; Van Antwerp v. Horan, 390 Ill. 449, 61 N.E.2d 358, 161 A.L.R. 1133.

■ Under the jurisdictional provision of 2, sub. a(7), the trustee may obtain the sale of the bankrupt's undivided one-half interest in the premises, together with any inchoate or vested right which the bankrupt's wife may have in the bankrupt's title. He may, also, have a partition of the real estate by a proceeding in an appropriate state court if he deems jurisdiction over the whole title necessary to the obtaining of a fair value of the bankrupt's undivided interest. He may not, through the summary

power of the bankruptcy court, take and obtain a sale of the wife's undivided interest in the title to the premises.[2]

The petition to review the order of the Referee is dismissed.

---

2. In a case involving the question of the jurisdiction of a bankruptcy court to administer an equitable interest in the title to real estate in a farmer-debtor proceeding by one, but not both, of joint-tenant owners thereof, the court recognized, applying Utah law, that the interest of each joint tenant was a distinct and several interest. The court held that the bankruptcy court obtained no jurisdiction over the property in issue, because, in a farmer-debtor proceeding, each joint tenant was an indispensable party and one of the joint tenants did not become a party to the proceeding until after her equitable interest in the premises had been forfeited. Miller v. Mangus, 10 Cir., 125 F.2d 507, 510, 512.