Imogene GOLDSMITH, Appellant,

v.

M. JACKMAN & SONS, INC., Appellee.

No. 7413.

United States Court of Appeals
Tenth Circuit.

Feb. 4, 1964.

J. D. DeBois, Duncan, Okl. (O. L. Peck,. Jr., Tulsa, Okl., on the brief), for appellant.

T. Gavin King, of Gavin & King, Tulsa,. Okl., for appellee.

Before BREITENSTEIN and HILL,. Circuit Judges, and KERR, District. Judge.

HILL, Circuit Judge.

This appeal is from a decree determining that certain personal property is not exempt from an execution issued upon a judgment.

On July 22, 1959, appellee obtained a money judgment in the court below against appellant and one Phagans, who were doing business as a co-partnership. Thereafter, the co-partnership and appellant individually filed a voluntary petition in bankrupcty and they were adjudicated. The Referee in Bankruptcy denied. appellant a discharge upon the trustee's. objection because she had failed to list. some of her assets in the petition. There was pending before the Referee at this. same hearing an application by appellee to require appellant to surrender and deliver into court as assets of the bankrupt. estate the same items of jewelry that are involved here. The Referee denied the application and in so doing held that, contrary to appellee's contention, the jewelry was exempt personal property and therefore not subject to creditors' claims. A petition for review of the Referee's order was filed by appellee and a hearing had. upon it in the district court. The court. sustained the Referee in all respects and' specifically found " * * * that the orders denying discharge of bankrupt and" order denying application to require. bankrupt, Imogene Goldsmith, to surrender and deliver certain jewelry into,

Court, should be and are hereby affirmed * * *." Appellee did not appeal from that order; but, did thereafter institute in the court below a proceeding in aid of execution to satisfy its personal judgment against appellant. In that proceeding the trial court ordered appellant to turn the questioned items of jewelry over to the Clerk of the Court and later entered the order appealed from, holding that the jewelry was not exempt property and that the order entered upon the Petition for Review did not make the exemption question res judicata.

Our determination of the question of res judicata will dispose of the appeal. The doctrine of res judicata is deeply imbedded in the law. The reasons for such a doctrine are obvious as there must always be an end to litigation and a certainty as to the rights of litigants must be achieved so that dignity and respect for judicial determinations will be maintained. The doctrine is that a judgment rendered by a court of competent jurisdiction upon a question involved in one suit is conclusive upon that question in any subsequent litigation between the same parties.[1] A judgment may be erroneous in law, but if it becomes final it is still binding and conclusive as between the parties upon the question involved.[2]

The only question then is whether the court of bankruptcy is a court of competent jurisdiction to decide whether certain property of a bankrupt is exempt. Under 11 U.S.C.A. § 11, the courts of bankruptcy are vested " * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title, * * * to * * * (11)

Determine all claims of bankrupts to their exemptions * * *." This jurisdiction of the bankruptcy court to determine what property is exempt is exclusive,[3] and a decision by that court as to the right of exemption cannot be attacked in a collateral proceeding unless it is absolutely void.[4] The order holding that the property here in question was exempt certainly is not void and therefore must be considered to be res judicata as against this collateral attack.

Reversed.

---

1. New York Life Ins. Co. v. Cooper, 10 Cir., 167 F.2d 651, cert. denied, 335 U.S. 819, 69 S.Ct. 41, 93 L.Ed. 374; Henderson v. United States Radiator Corporation, 10 Cir., 78 F.2d 674; In re Power, 7 Cir., 115 F.2d 69; Bruce v. Miller, Okl., 360 P.2d 508.

2. Reed v. Allen, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054; Providential Development Co. v. United States Steel Co., 10 Cir., 236 F.2d 277; Paull v. Archer-Daniels-Midland Company, 8 Cir., 313 F. 2d 612.

3. Lucius v. Cawthon-Coleman Co., 196 U.S. 149, 25 S.Ct. 214, 49 L.Ed. 425; 1 Collier on Bankruptcy, § 6.05, p.p. 805–808; 9 Am.Jur.2d, Bankruptcy, § 649, p.p. 490–491.

4. Smalley v. Laugenour, 196 U.S. 93, 25 S.Ct. 216, 49 L.Ed. 400; 1 Collier on Bankruptcy, § 6.05, p. 808.