**FIRST NATIONAL BANK OF DONA ANA COUNTY, a corporation, Plaintiff,**

v.

**Robert C. BOYD and Marilyn Boyd et al., Defendants.**

**Civ. No. 33488.**

United States District Court, D. Arizona.

June 11, 1974.

Evans, Kitchel & Jenckes, Phoenix, Ariz., for plaintiffs.

Robbins, Green, O'Grady & Abbuhl, Phoenix, Ariz., for the defendants, Boyd.

William C. Smitherman, U. S. Atty., Phoenix, Ariz., for defendant J. Pat Madrid, U. S. Marshal.

## ORDER

CRAIG, Chief Judge.

Plaintiff obtained a judgment against the defendants in the United States District Court for the District of New Mexico·on February 27, 1973. The judgment in the amount of approximately $26,000.00 plus interest and attorneys' fees is unsatisfied at this time.

In January of 1974, a writ of execution was issued directing the United States Marshal to levy upon property owned by the defendants in Apache County, Arizona. It was discovered that two homestead exemptions with respect to this property were of record. One of the exemptions was executed by defendant Helen Boyd, mother of Robert C. Boyd, and the other was executed by Robert and Marilyn Boyd. When the Marshal asserted that he could only sell the property subject to both exemptions of record, the plaintiff brought this action seeking to have this court declare that only one homestead exemption is valid as to any single piece of property.

Both the plaintiff and the defendants have moved for a judgment on the pleadings. The sole issue before this court is whether two homestead exemptions can exist at the same time as to the same parcel of property.

In Wuicich v. Solomon-Wickersham Co., 18 Ariz. 164, 157 P. 972 (1916), it was recognized that homesteads are purely statutory and that absent any ambiguity the wording of the statute must be adhered to strictly. If there were ambiguities then cases construing similar statutes could be looked to.

Plaintiff asks this court to look to several cases which purport to support its position that only one exemption may exist as to one parcel of land. The problem is that these cases construe statutes which are not similar to the present Arizona statute.

In Brokaw v. Ogle, et al., 170 Ill. 115, 48 N.E. 394 (1897), the court held that to constitute a homestead there must be a householder and a family. They found

that there could not be two householders. Id. at 397. Accord, Johnson v. Muntz, 364 Ill. 482, 4 N.E.2d 826 (1936); Morris Inv. Co. v. Skeldon, 399 Ill. 506, 78 N.E.2d 504 (1948).

In Luenenborg v. Luenenborg, 128 Neb. 624, 259 N.W. 649 (1935), the state statute allowed a homestead consisting of the dwelling house and 160 acres. The facts showed that the two claimants could not each hold an exemption since the total land involved in the dispute was 160 acres.

 In general, it can be said that when the statute requires the claimant to be a head of household or when the exemption must include the dwelling house, then plaintiff's proposition is true. Clearly, there cannot be two heads of one household or two claimants living in the same dwelling house.

The distinction appears to have been recognized in Johnson v. Prosper State Bank, 125 S.W.2d 707 (Tex.Civ.App. 1939). The court refused to allow a second claimant the homestead exemption, finding that he did not have any right to possession of the property or any part of it. The Court recognized that the purpose of the exemption was to allow the debtor to set aside a prescribed amount in value of land so that he could support himself and his dependent family, but in order for the debtor to qualify he must have the right to occupy and use the land. Id. at 710. The court agreed that there may be a situation where there are joint owners of the land, where they both live in separate buildings on the land and where the land is undivided. In this case, they both would be entitled to the exemption. Id. at 709.

This court is in agreement with the Johnson court in its conclusion that it is conceivable to have two exemptions claimed for the same piece of property. The determinative factor is whether the state statute is worded so that it is possible to have two persons eligible for the exemption as to the same piece of land.

The Arizona statute was amended in 1971. Prior to the amendment it is clear that, on the facts before us, there could be only one valid exemption. With the amendment the statute now reads:

A. Any person the age of eighteen or over, married or single, who resides within the state may hold as a homestead exempt from attachment, execution and forced sale, not exceeding fifteen thousand dollars in value, any one of the following:

 1. Real property in one compact body upon which exists a dwelling house in which the claimant resides.

 2. Land in a compact body which the claimant designates.

. . . . . .

C. Only one homestead may be claimed by a married couple or a single person under the provisions of this section. The value as specified in this section refers to the equity of a single person or married couple claiming the homestead.

A.R.S. § 33–1101.

 It is clear that Arizona no longer adheres to the definition of a homestead which requires it to be the dwelling house constituting the family residence and the land on which it is situated. See In re Stangers Estate, 75 Ariz. 399, 257 P.2d 593 (1953). With the extension of the homestead exemption to single persons, the focus of the statute appears to be on allowing any debtor, if he is eligible, the right to shelter certain designated property from his creditors to the extent of his equity in that land not exceeding $15,000.00. Although decided under the old statute, the following quote from Ferguson v. Roberts, 64 Ariz. 357, 170 P.2d 855 (1946), appears to summarize the theory behind the new statute:

The general rule seems to be that if the debtor's possessory right is of suf-

ficient value to be coveted by his creditors, it is of sufficient value to the debtor himself to have it protected under the homestead law.

*Id.* at 858.

 The Arizona homestead statute is not ambiguous. It sets out the definition of a homestead and the requirements for eligibility. Nowhere is there a prohibition against there being two exemptions for one piece of property so long as the exemptions are claimed by two different claimants and the land is of sufficient value so that the two claims do not overlap.

It is ordered that defendants' motion for judgment on the pleadings is granted and that plaintiff's motion is denied.