## FORSYTHE v REES et

Ohio Appeals, 2nd Dist, Shelby Co

No 119. Decided Dec 31, 1940

Melvin C. Light. Lima, for plaintiff-appellant.

DeWeese & DeWeese, Piqua, for defendants-appellees.

**OPINION**

By BARNES, J.

The above-entitled cause is now being determined on appellees' two motions to dismiss the appeal.

The first motion, filed August 19, 1940, requests dismissal of the appeal on the ground that the issue raised by the pleadings has become moot as the limitation of time expressed in the contract upon which relief by way of injunction is asked, ended on August 15, 1940, and it would be impossible for this court to grant any relief prayed for in the petition since the actual controversy between the parties has ceased.

The second motion, filed October 15, 1940, requests in the alternative that in the event the first motion be overruled the court then dismiss the appeal on questions of law for the reason that there was no bill of exceptions filed below and the only question of law to be determined by this court is on the pleadings filed herein, and there being no issue raised on the pleadings, as to any error committed.

The following brief summary will render understandable the nature and scope of the controversy:

Plaintiff-Appellant filed his petition in the Common Pleas Court on August 8, 1939, and the first cause of action sought an injunction against the defendants from engaging in the creamery and milk business in the territory in which the Rees Company was operating on August 10, 1938. The claimed right to injunction was based on a contract executed August 10, 1938, between the plaintiff, Forsythe, and the defendant E. E. Rees, whereby plaintiff purchased from E. E. Rees the creamery and milk business at a purchase price of approximately $10,000.00. Included in said purchase, in addition to the tangible assets, was the good will of said business.

As part consideration of said purchase, the defendant E. E. Rees for and on behalf of said business, agreed

that he would discontinue any creamery and milk business and would not begin a new business or solicit the customers of said business with which said Rees Creamery was then doing business, and that he would not in any way enter into another business of this character within the territory in which he was then doing business, either directly or indirectly, within a period of two years from August 15, 1938. The petition further alleges that plaintiff has owned and operated said business continuously from the time of said purchase and is still so doing. It is further alleged in the petition that prior to May 1, 1939, the defendant E. E. Rees constructed a building on his premises and within the territory contained in the contract and installed therein equipment suitable for engaging in the creamery and milk business and since said May 1, 1939, engaged in and carried on a creamery and milk business and so continues to do. That the business is of the same character as that theretofore conducted by the said Rees Company, which was purchased by plaintiff and is being conducted in the same territory as embraced within the contract. That defendants are soliciting old customers of the Rees Company and have induced and secured some of said customers to become customers of the defendants.

The petition further alleges that while the defendant Marion Webb claims to be the sole owner of the business, in fact E. E. Rees and Zada Rees are connected therewith.

The second cause of action adopts all the allegations contained in the first cause, and further says that by reason of the operation and conduct of said creamery and milk business by the defendants in violation of said agreement, plaintiff has a loss of business and trade since May 1, 1939, the gross volume of which business is approximately $2,000.00 per month, and that by reason of such solicitation on the part of the defendants and each of them, he will continue to suffer further losses in his trade and business, to his damage in the sum of $5,000.00.

Each of the three defendants filed separate answers.

The answer of Zada Rees and Marion Webb, among other things, makes specific denials of all of the operative facts alleged against them in the petition.

The answer of E. E. Rees, after admitting the prior ownership of the milk and creamery business, the sale of the same to the plaintiff on August 10, 1938, through a written contract, then denies each and every other allegation.

The answer also denies the claimed damages as set out in the second defense.

The trial court, after hearing the evidence, found for the defendants and dismissed plaintiff's petition.

Within proper time plaintiff duly filed notice of appeal on questions of law and fact. Appeal bond was fixed at $200.00, which was given and duly approved.

On June 21, 1940, a stipulation was filed, signed by counsel for the respective parties, to the effect that the cause would be submitted to the Court of Appeals on the evidence presented in the Court of Common Pleas, which evidence would be submitted by a transcript thereof made by the official court reporter and filed in the action.

The transcript of the evidence was filed with the Clerk of the Court of Appeals on June 28, 1940.

It appears from the pleadings that the contractual obligation through which the defendant E. E. Rees agreed to remain out of business expired August 10, 1940. While the notice of appeal, stipulations and evidence and filing of bill containing the transcript of the evidence all preceded the expiration of the date of the contract, yet the cause was not submitted due to the fact that our court did not meet in Shelby County until its regular assignment day in October, 1940.

Appellees' first motion to dismiss the appeal is predicated entirely on the claim that the injunctive relief sought has become moot by reason of the fact that the time prescribed under the contract has expired.

This would not be a ground for dismissal for two reasons:

1. The appeal was taken in time, was regular in form, appeal bond duly given, and the case thus effectively lodged in our court as an appeal on questions of law and fact.

The claim that the issuable question is now moot, under no circumstances can be raised by motion, but could only be presented on the merits.

2. The final entry appealed from also contains a judgment against the plaintiff for costs, and the appeal necessarily includes this part of the judgment, as well as that denying relief by way of injunction.

While it is true that our court by reason of the expiration of the time of limitation of the contract may not grant an injunction, yet it will determine whether or not under the pleadings and the evidence plaintiff was entitled to an injunction at the time of filing the appeal, and if so, we would then adjudicate the question of costs.

The second motion to dismiss the appeal denied the right of our court to hear the appeal on questions of law.

At this time appellant is making no claim to hearing on questions of law. The appeal was on questions of law and fact. Under this state of the record we would not consider an appeal on law.

In any event, the entire matter may only be submitted on the merits and not on motion.

Under the changed conditions a new element may enter into the disposition of the case, but nevertheless it is on the merits.

Appellees' motion to dismiss the appeal will be overruled.

Counsel for appellant may file briefs within twenty days; answer brief thereto within ten days, and reply brief within five days.

When all briefs are filed, we will take the case and dispose of it immediately, if counsel desire to waive oral argument.

In the interest of an early disposition and if oral argument is desired, we will hear same at some other county in the district if counsel can agree upon such a procedure. Otherwise, the matter will come up for hearing at our next session in this county some time in March.

HORNBECK, PJ. & GEIGER, J., concur.