## FORSYTHE v REES et

Ohio Appeals, 2nd Dist, Shelby Co

No 119. Decided May 10, 1941

Melvin C. Light, Lima, for plaintiff-appellant.

DeWeese & DeWeese, Piqua, for defendants-appellees.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined de novo by reason of plaintiff's appeal on questions of law and fact from the judgment of the Court of Common Pleas of Shelby County, Ohio.

Plaintiff seeks an injunction against the defendants from engaging in the creamery and milk business in the territory in which the Rees Company was operating on August 10, 1938; such injunction to be operative until August 15, 1940. In the second cause of action damages are claimed in the sum of $5,000.00.

The petition was filed in the Common Pleas Court on August 8, 1939, and the cause decided adversely to the plaintiff on May 8, 1940.

Notice of appeal was filed May 17, 1940.

By stipulation, the cause was submitted in this court on the same evidence in transcribed form as was presented in the trial court.

Plaintiff's action was predicated upon a written agreement between the plaintiff, William E. Forsythe, and the defendant, E. E. Rees, executed August 10, 1938, wherein Rees sold and Forsythe purchased a creamery and milk business, together with the good will, such business being located in the village of Lockington, Shelby County, Ohio. In addition. Rees contracted that he would discontinue any creamery or

milk business in the village of Lockington or within any reasonable distance therefrom, and would not begin a new creamery or milk business or solicit the customers of the creamery and milk business being sold, for a period of two years. The two year period expired August 15, 1940.

Following the appeal to our Court, the cause was not submitted until October, 1940, due to the fact that we had no session in Shelby County until the regular session day in October.

It appears from the pleadings that the contractual obligation through which the defendant E. E. Rees agreed to remain out of business, expired on August 10. 1940.

While the notice of appeal, stipulations and evidence, filing of transcript of docket and journal entries all preceded the expiration of the date of the contract, yet no injunctive relief can be granted by reason of the expiration of time.

At our October, 1940 session, defendant-appellee interposed two motions, as follows:

The first motion, filed August, 1940, requested dismissal of the appeal on the ground that the issue raised by the pleadings had become moot, as the limitation of time expressed in the contract upon which relief by way of injunction could be had, ended August 15, 1940, and it would be impossible for this court to grant any relief prayed for in the petition.

The second motion, filed October 15, 1940, requests in the alternative that in the event the first motion is overruled, the court then dismiss the appeal on question of law for the reason that there was no bill of exceptions filed below and the only question of law to be determined by this court is on the pleadings and so forth.

On December 31, 1940, our court released its opinion overruling both motions, therein stating that while injunctive relief might not be granted by reason of the expiration of the contract period, yet there was a judgment for costs against the plaintiff and therefore we would be required to pass on the question on the merits.

In the trial court, as well as in our court, counsel for plaintiff stipulates that the action is exclusively one in equity for injunctive relief, with the claim for damages being only secondary.

We have read the transcript of the evidence in its entirety.

We find among the papers a very carefully prepared written opinion of the trial court.

While this case is before us de novo, yet in the interest of saving time we adopt the opinion of the trial court in its entirety.

We find for defendants against the plaintiff.

Plaintiff's petition will be dismissed and costs adjudged against him. Entry may be drawn accordingly.

GEIGER, PJ. and HORNBECK, J., concur.