Matthias, J.
 

 The defendants have presented and argued to this court two questions:
 

 “1. Did the referee in bankruptcy have jurisdiction to order the sale of the reversionary interest in the homestead which had previously been set off to Henry B. Converse?
 

 “2. Did the proceedings in the case filed by Eliza
 
 *244
 
 beth B. Converse on April 23, 1915, after the death of Henry B. Converse, and the judgment rendered by the Common Pleas Court in that action on September 18, 1918, operate as
 
 res judicata
 
 of this present proceedings ? ”
 

 The defense of
 
 res judicata
 
 was presented by the amended answer of the defendants in the Court of Common Pleas, but that defense was not established successfully in either that court or in the Court of Appeals. The record shows that the following stipulation of facts was made in respect to this earlier case:
 

 “(15) On September 18, 1918, the Common Pleas Court of Madison county, Ohio, entered a decree that said Elizabeth B. Converse was entitled to dower in the whole of the 280 acres, that she was still entitled to occupy the homestead, and that the deed of the trustees in bankruptcy to William Morgridge was null and void in so far as it purported to convey any interest by way of remainder or otherwise to the 5-acre homestead tract. The basis of that decree was that under the homestead laws of Ohio the jurisdiction of the bankruptcy court was limited to the setting aside of the homestead, and that court had no jurisdiction to sell the land upon which the homestead was assigned.
 

 “(16) Appeal on law and fact from the decree of the Common Pleas Court was taken to the Court of Appeals, which court on November 12, 1921, entered a decree that Elizabeth B. Converse was entitled to hold said homestead tract as and for her homestead as long as she remained thereon and occupied the same as her homestead, and also decreed as follows:
 

 “ ‘For want of parties, the court makes no finding, and no order, judgment or decree as to the validity of the sale by the bankruptcy court of the reversionary interest and estate in the homestead tract nor as to the validity of the deed made therefor to the defendant, William Morgridge, in said bankruptcy proceedings’.
 

 
 *245
 
 “The cause was then remanded with instruction to assign dower.”
 

 Arguments are now made in this court that the decree of the Court of Common Pleas in the prior case was not vacated or set aside by the appeal to the Court of Appeals and that the decree entered by the Court of Appeals refusing to make a finding as to the validity of the sale by the bankruptcy court constituted in effect a dismissal of that appeal and affirmance of the decree of the Court of Common Pleas holding such sale void.
 

 Whether an appeal in a chancery case vacates or merely suspends the decree of the Court of Common Pleas during the time the appeal is pending is not important in this case, for the rule is well established in this state that when the decree is rendered by the Court of Appeals, the decree of the court below ceases to exist.
 

 The following language from the opinion by Judge Spear in the case of
 
 Mason
 
 v.
 
 Alexander,
 
 44 Ohio St., 318, at page 328, 7 N. E., 435, is pertinent:
 

 “While in many of the states, and perhaps in all' except in our own, an appeal from a court of general jurisdiction is in the nature of a writ of error, whereby the appellant court passes upon the record, as te facts as well as law, does not hear additional or other evidence, but confines its adjudications to errors appearing upon the record, in Ohio the appeal itself vacates, without revisal, the whole proceeding as to findings of fact as well as law, and the case is heard upon the same or other pleadings, and upon such competent testimony as may be offered in that court. It takes up the subject of the action
 
 de novo,
 
 in respect to pleadings, necessary parties, trial and judgment, in like manner as if the cause had never been tried below. (For further discussion of these distinctions, see opinion of Swan, J:, in
 
 Grant
 
 v.
 
 Ludlow,
 
 8 Ohio St., 28.) ”
 

 
 *246
 
 See, also,
 
 Barnes v. Christy,
 
 102 Ohio St., 160, 131 N. E., 352;
 
 Tinker
 
 v.
 
 Sauer,
 
 105 Ohio St., 135, 136 N. E., 854, paragraph 2 of the syllabus;
 
 Bingham
 
 v.
 
 Nypano Rd. Co.,
 
 112 Ohio St., 115 at page 120, 147 N. E., 1; 2 Ohio Jurisprudence, 370, Section 316, and 2 Ohio Jurisprudence, 745, Section 662.
 

 Defendants assert that the five acres involved herein, being exempt property, did not pass to the trustees and therefore the trustees had no authority whatsoever to sell this five-acre tract subject to the homestead rights, but that instead Converse retained a fee simple estate, which estate has now been inherited by the defendants and to which they claim they are entitled. This claim, of course, is made in direct conflict with a deed which has been of record for over 40 years, made in an action to which .their ancestor was a party and to which he made no protest.
 

 There is no basis in the Ohio statutes or in the Ohio cases for holding that one who claims a homestead by metes and bounds is entitled to a fee simple estate. (See Sections 11730 to 11736, inclusive, General Code.) This court has passed upon that question in the following cases:
 

 Schuler
 
 v.
 
 Miller,
 
 45 Ohio St., 325, 13 N. E., 275. In that case, this court held that a homestead was a personal privilege which could not be conveyed to another and that the occupancy of a purchaser from the debtor by deed of warranty, of the land so set off by appraisers for a homestead is subject to the rights of the assignee in bankruptcy and to the settlement of his final account. Quoting from the opinion at page 330, it is stated:
 

 “The homestead right is a statutory right purely, created for the benefit of the debtor and his family. Under our laws, a homestead exemption is merely a personal privilege of the beneficiaries. It is not an assignable estate, but a mere possessory right, personal to the debtor and his family, and which does not run with the land. * * *
 

 
 *247
 
 “Such being the nature of the homestead privilege, its enjoyment is not made dependent upon holding the legal title to the land set off; and a reservation by the assignor of a homestead right, is in keeping with a conveyance of the fee to the assignee, in trust for the benefit of creditors. The law designs that a debtor’s property shall be applicable to the payment of his debts; and when the appraisers appointed by the court have set off the homestead, it is not the fee in the land that passes, but merely the right to use and occupy the same for the purposes of a homestead. If the property in the hands of the assignee proves inadequate to pay the creditors in full, when the land ceases to be occupied for a homestead, it may be subjected to the payment of the assignor’s debts. * * *”
 

 In the case of
 
 McComb
 
 v.
 
 Thompson,
 
 42 Ohio St., 139, this court held that the right to have and hold a homestead, being a personal privilege, can not be conveyed to another and is lost by neglect or refusal to claim it or by abandonment, and that when the rights of homestead are removed, liens on such property may be enforced.
 

 In
 
 Genell
 
 v.
 
 Hirons,
 
 70 Ohio St., 309, 71 N. E., 709, this court discussed the difference between property assigned as a homestead, which is exempt from “sale,” and the exemption in lieu of homestead which is exempt from “levy and sale,” and held that “the exemption which the statute allows by way of homestead is, in a sense, but a qualified exemption, and the law protects from sale the property so exempt, only so long as it is used and occupied as a homestead. But the exemption which the law gives in
 
 lieu
 
 of a homestead' is an absolute exemption and whether it be taken in personal or real property, the judgment debtor acquires, in and to the property so exempt, when selected and taken, an absolute ownership with full power of disposition.”
 

 
 *248
 
 See, also,
 
 Gledhill
 
 v.
 
 Walker,
 
 143 Ohio St., 381, 55 N.E. (2d), 647.
 

 That this estate is not a fee is disclosed by other sections of the Homestead Act, particularly Section 11735, General Code (Section 5439, Revised Statutes), which indicates that where the homestead must be larger than $1,000 because it could not be otherwise separated, the debtor may be obliged to pay rent in a sum above $100 a year which represents the fair rental value of the property set aside. Such provisions are clearly inconsistent with the idea that the debtor retained a fee estate.
 

 We hold, therefore, that under the statutes of this ' state then in effect, the defendants, Henry B. Converse and Elizabeth B. Converse, could not lawfully have been assigned a fee estate by the bankruptcy court in setting off a homestead by metes and bounds and that their heirs have no rights in fee or in possession to these premises.
 

 The primary contention of the defendants in this case has been the alleged lack of jurisdiction of the referee in bankruptcy to order the sale of the reversionary interest in the homestead which had been previously set off to Henry B. Converse.
 

 The principal authority relied upon by the defendants to support their claim of no jurisdiction in the bankruptcy court is
 
 Lockwood
 
 v.
 
 Exchange Bank,
 
 190 U. S., 294, 47 L. Ed., 1061, 23 S. Ct., 751. That case held that the fact that the act confers upon the bankruptcy court authority to control exempt property in order to set it off does not mean that the court can administer and distribute it as an asset of the estate, and therefore that title to property of a bankrupt, which is generally exempted by the law of the state in which the bankrupt resides, remains in the bankrupt and does not pass to the trustees, and the bankruptcy court has no power to administer such property even if the bankrupt has,
 
 *249
 
 under the law of the state, waived his exemption in favor of certain of his creditors.
 

 The facts in that case were that the bankrupt had no property except exempt property and the trustee then had no duty in regard to such property other than to report it as exempt, but in that case the trustee endeavored to administer it for the benefit of certain creditors since some creditors had claims against the homestead by reason of waivers. While the language is verj pertinent, the facts are different and while the
 
 Lockwood case, supra,
 
 has not been expressly overruled, several later cases decided by the Supreme Court of the Dnited States have clearly limited it.
 

 In the case of
 
 Chicago, Burlington & Quincy Rd. Co.
 
 v.
 
 Hall,
 
 229 U. S., 511, 57 L. Ed., 1306, 33 S. Ct., 885, the court held that while it is true title to exempt property does not vest in the trustee and can not be administered by him for the benefit of creditors, such “property is not automatically exempted, but must ‘pass to the trustee as a part of the estate’ — not to be administered for the benefit of creditors, but to enable him to perform the duties incident to setting apart to the bankrupt what, after a hearing, may be found to be exempt.”
 

 See, also,
 
 Hull
 
 v.
 
 Dicks,
 
 235 U. S., 584, 59 L. Ed., 372, 35 S. Ct., 152. See, also, 3 Remington on Bankruptcy (4 Ed.), 243, Section 1279.
 

 The Bankruptcy Act of 1898, Section 2, subsection. 11 (30 Stats, at L., 546, Title 11, Section 11, ü. S. Code) authorizes the court of bankruptcy to “determine all claims of bankrupts to their exemptions.” In view of the statute and the decision of the
 
 Chicago, Burlington & Quincy case, supra,
 
 the court clearly had authority to set off the homestead.
 

 Conceding for argument that the bankruptcy court erroneously set off the homestead and failed to give to Converse that to which he was entitled, did this
 
 *250
 
 ■make the order of the bankruptcy court completely void? As shown above, the trustees had authority to •designate the homestead; his title may have been one in possession only but in order to find for the defendants in this case we must find that the bankruptcy ■court was completely without any jurisdiction in the •case and had no authority, because of the Ohio homestead law, to sell the fee' in this five acres.
 

 The Supreme Court of the United States has clearly answered this question of lack of jurisdiction in the case of
 
 Lucius
 
 v.
 
 Cawthon-Coleman Co.,
 
 196 U. S., 149, 49 L. Ed., 425, 25 S. Ct., 214. In that case, the bankrupt was assigned no exemptions and attempted to appeal directly to the Supreme Court of the United States on the theory that the bankruptcy court had no jurisdiction at all in regard to this bankrupt’s exempt property. The Supreme Court of the United States held that while the trustee may have erred in failing to set off exempt property, the bankruptcy court had jurisdiction and the bankrupt’s remedy was by appeal from the decision of that court.
 

 To hold for the defendants in this case would require this court to disregard the
 
 Lucius case, supra,
 
 and declare that the bankruptcy court has no jurisdiction in the matter of the construction and application •of the provisions of state laws, and that the aggrieved parties in such controversies need not appeal but may await action in the state courts.
 

 The judgment of the Court of Appeals is hereby reversed and the judgment of the Court of Common Pleas affirmed.
 

 Judgment reversed..
 

 Weygandt, C. J., Turner, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.