OVERESCH, APPELLANT, *v.* CAMPBELL ET AL., APPELLEES.

(No. 7800—Decided October 19, 1953.)

*Mr. Sol Goodman,* for appellant.
*Mr. C. Watson Hover* and *Mr. Wm. J. Schmid,* for appellees.

Ross, J.  Defendants filed a demurrer to the petition, which was sustained, and, plaintiff not desiring to plead further, judgment was entered accordingly, from which an appeal on questions of law and fact was taken.  Only a question of law being involved in the appeal, it is reduced to an appeal on questions of law only and so considered.  *LeMaistre, Admr., v. Clark,* 142 Ohio St., 1, 50 N. E. (2d), 331.

Briefly stated, the plaintiff alleged in the petition that the county commissioners, in contravention of Section 2921, General Code, accepted a higher bid than that of plaintiff, although both bids were upon identical specifications, that such county commissioners are about to consummate this transaction, and that unless enjoined they will be guilty of misapplication of public funds.

The prayer is for an injunction.

Through some misunderstanding with the prosecuting attorney's office, after judgment was rendered in the trial court and an agreement made by one of the assistants to withhold action, the accepted bid was followed by delivery and payment.

It is asserted by the defendants that regardless of possible error in the trial court, this court cannot do other than dismiss the appeal or affirm the judgment because the case has now become moot.

The appeal now here considered is upon questions of law and not upon questions of law and fact.  It is not a *de novo* trial of the entire case.  There can be no question that upon such latter appeal, where the basis for the relief sought by plaintiff, through change of circumstances, has ceased to exist, as where that which it is sought to enjoin has been accomplished, the reviewing court sitting as a court in chancery will follow the ancient maxim that "equity will not require a vain thing."

On the other hand, in an appeal on questions of law

only, the reviewing court is confronted with a judgment the effect of which is to establish an illegal precedent if such judgment is affirmed or the appeal therefrom dismissed.

Although the law of a case may be found in the syllabus or opinion of the court, it is the judgment that gives such statement the effect of a judicial precedent.

In reviewing such a judgment, the court of review does not do a vain thing when it sets aside and vacates that which would otherwise be a precedent for erroneous rules of law.

It is said in 2 Ohio Jurisprudence, 891, Appellate Review, Section 497:

"Under some circumstances, however, the reviewing courts will refuse to dismiss a review proceeding even though the questions involved have all become academic so far as they relate to the rights and liabilities of the parties to the action. It has been suggested as a ground for such refusal to dismiss that the judgment of the lower court, if erroneous, ought not to be left to stand as a precedent."

In *Randall* v. *State, ex rel. Hunter,* 64 Ohio St., 57, 59 N. E., 742, a petition in mandamus was filed in the Circuit Court of Warren County on October 26, 1900, to compel the board of deputy supervisors to place a certain ticket on the ballot at the election of November 6, 1900. The defendant demurred to the petition. The case was decided in the Supreme Court on January 22, 1901. The judgment of the Circuit Court was reversed, the demurrer sustained, and the petition dismissed. The same rule was followed in *Beachman* v. *State, ex rel. Deitz,* 64 Ohio St., 577, 61 N. E., 1140. See, also, *Board of Deputy State Supervisors of Election of Cuyahoga County* v. *State, ex rel. Green,* 16 C. C. (N. S.), 244, 26 C. D., 521.

In 3 American Jurisprudence, 310, Appeal and Error, Section 733, it is stated:

"It is not every change in circumstances which might be said to render the case a moot one so as to require a dismissal of the appeal or error proceeding, however. Thus, there will be no dismissal where the question involved is a matter of public interest."

Certainly a judgment, the effect of which is to sustain the principle that county commissioners may, without any justifiable excuse, purchase property from a high bidder when other lower bids are received upon the identical specifications should not be allowed to remain undisturbed. The public interest in preventing misapplication of public funds presents ample reason for vacating such a judgment.

Support for this conclusion is found in an annotation in 132 A. L. R., 1185, and the supporting authorities, where, on page 1186, it is stated:

"The proposition that an appellate court may retain an appeal for hearing and determination if it involves questions of public interest even though it has become moot so far as the parties or the particular action are concerned or though the parties desire that it be dismissed, is supported, either directly or by implication, by the great weight of authority."

In 14 American Jurisprudence (Cumulative Supplement), 35, Courts, Section 49, it is stated:

"It has been held that questions of public interest originally encompassed in an action should be decided for future guidance although they have become abstract or moot in the immediate contest."

It is asserted that the Court of Appeals lacks judicial power to reverse a decree based upon an erroneous conception of the law, if, by reason of changed conditions since the entering of the decree, the relief sought in the trial court could not be granted.

"The judicial power of the state is vested in a Supreme Court, Courts of Appeals, Courts of Common Pleas, Courts of Probate, and such other courts in-

ferior to the Courts of Appeals as may from time to time be established by law.'' Section 1, Article IV, Ohio Constitution.

The General Assembly having failed to take any action since November 7, 1944, affecting the jurisdiction of the Courts of Appeals, those courts, under the Constitution of 1912, still have jurisdiction to review, affirm, modify, or reverse the judgments of the Courts of Common Pleas, Superior Court and other courts of record.

Although reviewing courts especially have in the vast majority of cases applied the moot case principle and dismissed appeals, it appears from such authorities that such action is not based upon a finding of lack of judicial power to act, but rather upon the ground that action under such circumstances is not required, and would be a futile exercise of judicial power. The authorities hereinbefore noted indicate that courts have no doubt that they possess such judicial power, since it has been exercised in moot cases where the public interest is involved.

In *Wick* v. *Youngstown Sheet & Tube Co.*, 46 Ohio App., 253, 188 N. E., 514, it is held, as stated in the first paragraph of the syllabus:

''When issues become moot, court does not refuse to hear them because it has lost jurisdiction, but because courts decide actual controversies by judgment which can be carried into effect.''

At page 257, *ibid.*, it is stated:

''When the issues in an action become moot, the court does not refuse to hear the issues in the case because it has lost its right or jurisdiction to do so, but because, as stated in *Mills* v. *Green*, 159 U. S., 651, 16 S. Ct., 132, 40 L. Ed., 293, which is cited in the opinion in *Miner* v. *Witt, supra*, courts 'decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or ab-

stract propositions.' Further, in the opinion, just referred to, it is said:

" 'When * * * without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.' "

In the instant case, by virtue of the judgment against the plaintiff, he has been assessed with costs in the trial court, and, if his appeal here is dismissed or the judgment affirmed, will be required to pay the costs of his appeal.

The granting of a new trial would be a futile thing owing to the circumstances occurring since the entry of judgment, but this does not prevent the reversal of the judgment. 5 Corpus Juris Secundum, 1445, Appeal and Error, Section 1933, note 26, citing *Hasselbach* v. *Kleissle,* 224 S. W., 75. In the text at page 1445, it is stated:

"At any rate an appellate court, on reversal, will usually exercise its discretion by ordering a new trial or further proceedings whenever it appears that the ends of justice will best be served by such course, but will refuse to make such an order where it appears that it is unnecessary and would serve no useful purpose * * *."

Nothing stated in this opinion shall be construed as in any way limiting the discretion reposed in the county commissioners by the provisions of Section 5549.01, Revised Code (Section 7200, General Code), except only where it is made to appear that the county commissioners have accepted a higher bid upon an article identical in every detail and specification, and that there are no circumstances or conditions shown to exist indicating that the bid accepted is the best bid.

The judgment of the trial court is, therefore, re-

versed and the case is remanded to that court with instructions to render judgment against the defendants for all costs incurred incident to the appeal to this court, and for such costs in the trial court as were incurred subsequent to the filing of the petition and service of summons.

*Judgment reversed.*

Ross and HILDEBRANT, JJ., concur.

MATTHEWS, P. J., concurring. I concur in the reversal of the judgment on the ground that the court erred in sustaining the demurrer to the petition, and in entering judgment thereon. I think this action, rather than the dismissal of the appeal is required, because the incidental right to costs including attorney's fee remains to be determined, notwithstanding the inability of the court to grant the primary relief prayed for resulting from the action of the defendants during the pendency of this appeal.

By Section 2923, General Code, the court is required to award costs including attorney's fees to a taxpayer in this sort of an action if it is found that he is entitled to the relief prayed for in his petition. As the case now stands, he is entitled to that relief. If it should later be determined that at the time he commenced the action, he was entitled, his right to his costs including attorney's fee could not be defeated by defendants' later action, making it impossible to grant the relief. Of course, if it should be determined that the plaintiff had no cause of action at the time the action was commenced, he not only could not recover his costs or attorney's fee, but would be adjudged to pay all costs.

While under the rule of *de minimis non curat lex,* some courts have refused to entertain actions or appeals that involved trifling sums, this rule cannot be

applied in the presence of a statute giving an absolute right to costs including attorney's fee to a taxpayer in litigation commenced by him upon a worthy cause for the benefit of the public.

After stating the general rule that an appeal cannot be prosecuted from a decree for costs only because the allowance of costs is ordinarily discretionary, it is said in 2 American Jurisprudence, 906, Section 98, that:

"An exception to this rule is made in some cases where the right to costs is determinable as a matter of right. * * * And where the case involves the award of extraordinary costs, such as the costs of a receivership, or attorneys' fees, it has been held that an appeal will lie."

I assume that if an appeal could be instituted from such a decree, a pending appeal involving such issues should not be dismissed until they are disposed of.

Therefore, it seems to me that it was necessary for this court to determine whether the petition stated a cause of action, and finding that it did, to remand the case for further proceedings according to law and the mandate. The judgment should assess all costs incident to this appeal against the defendants and should leave the issue as to all other costs including attorney's fee to depend on the determination of whether the plaintiff was entitled to the relief prayed for at the time of the commencement of this action.