DIBLE, APPELLANT, *v.* UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY, LOCAL NO. 50, ET AL., APPELLEES.

(No. 806—Decided November 14, 1955.)

*Messrs. Bowman, Hanna & Middleton,* for appellant.
*Messrs. Smoot & Riemer,* for appellees.

Fess, J. This decision arises on a trial *de novo* on an appeal on questions of law and fact upon a petition seeking to enjoin the defendant local and its business agent from picketing a job undertaken by plaintiff some months ago.

In the Spring of 1954, plaintiff, a plumbing contractor whose principal place of business is in Carey, Ohio, entered into a contract to perform certain plumbing and heating work in connection with the erection of two dormitories on the campus of Bowling Green State University. The defendant, Plumbers Local Union No. 50, hereinafter referred to as the Toledo local, is an unincorporated association with offices in Toledo, affiliated with The United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, A. F. of L. No question is raised as to the legal entity of the union as a defendant. The defendant Rombach was the business agent of the Toledo local. After obtaining the contract in the spring of 1954, plaintiff, at the request of one of his employees, inquired of Samuel J. Green, the secretary and treasurer of the Toledo local, with respect to having his employees report to that local incident to their work for plaintiff in Bowling Green. Plaintiff advised said official that in the event he needed additional employees, he would request their assignment from the Toledo local. Plaintiff's employees were members of other locals in northwestern Ohio. There is some contention in the testimony as to whether they were in good standing with their respective locals. Plaintiff was advised by Green that he, plaintiff, would not be permitted to bring his employees to Bowling Green from Carey, Ohio, and that if plaintiff needed additional employees, the Toledo local would furnish such workmen, but not unless plaintiff should enter into a collective bargaining agreement with the Toledo local.

Some days later a sharp altercation occurred between plaintiff and Green, which was placated at the instance of defendant Rombach. Thereafter, Rombach presented the plaintiff with a proposed contract between the Toledo local and other plumbing contractors and requested plaintiff to sign same. Plaintiff refused, stating that he would employ members of the Toledo local only when he needed extra help over and above his regular work

force from Carey. It appears that Rombach indicated that plaintiff would be permitted to employ one of his employees on each of the two dormitories in the course of construction, but that he would be required to take the remainder of such employees from the Toledo local, after executing the agreement. He also advised plaintiff that none of plaintiff's employees working on the Bowling Green job and claiming membership in the Fremont local would be prevented from working on the job in the event the Toledo local could not supply sufficient men to serve plaintiff's needs. Upon refusal of plaintiff to accept the terms presented by Rombach, the latter advised plaintiff that plaintiff's position presented two alternatives: he could request the Fremont local to remove its members from the job, or he could place pickets on the project.

Thereafter plaintiff filed his petition, alleging that plaintiff employed and would employ only union labor in connection with the project and that both Green and Rombach threatened to picket the job, thereby causing the cessation of work thereon. A temporary restraining order was issued by the Court of Common Pleas upon the filing of the petition. Thereafter, in their answer, defendants alleged they were engaged in a bona fide dispute with plaintiff, and had sought to negotiate a labor agreement without avail. They denied any intimidation, coercion or restraint of plaintiff, any picketing, stoppage of work or any related conduct. As a separate defense, defendants alleged that the court lacked jurisdiction because plaintiff's operations affected commerce and the conduct alleged constituted a violation of Labor-Management Relations Act, pursuant to which exclusive jurisdiction was alleged to be in the National Labor Relations Board, and that plaintiff had an opportunity and adequate remedy under such statute.

Thereafter, on October 21, 1954, the cause came on to be heard on a motion of the defendants to vacate the temporary restraining order, which was overruled. The cause having come on for hearing on its merits, on July 20, 1955, the Court of Common Pleas found that the plaintiff was an employer engaged in an industry affecting commerce, that the petition sought to restrain the official conduct of the defendants which,

as alleged, constituted a violation of the Labor-Management Relations Act and was therefore a cause within the exclusive jurisdiction of the National Labor Relations Board, dissolved the injunction and entered final judgment for defendants. The appeal is taken from that judgment.

During argument at the hearing in this court, it was conceded by counsel for the parties that all work under the contract has been completed, so that there no longer exists a justiciable controversy between the parties which would warrant the granting of equitable relief at this time. The question has therefore become moot except with respect to the costs incurred herein and in the Common Pleas Court. Cf. *Forsythe v. Rees*, 33 Ohio Law Abs., 287, 34 N. E. (2d), 819; *Shunk v. Shunk Mfg. Co.*, 75 Ohio App., 253, 257, 61 N. E. (2d), 896.

The cause came on for hearing upon the record below, including the transcript of the testimony taken at the hearing prior to the rendering of judgment for the defendants. The evidence fails to show that plaintiff was engaged in interstate commerce or that he was engaged in work or activity affecting commerce among the several states. Nor was there a bona fide dispute between plaintiff and his employees, the local unions of which they were members, or the international. The controversy arose between plaintiff and the defendants, who had no right or authority to represent plaintiff's employees. Plaintiff was confronted with the alternative of removing his own employees from the job and executing a bargaining agreement with strangers antagonistic to the right of plaintiff's employees to engage in employment on the particular job, or having his place of work picketed with the attendant deprivation of employment of his employees and consequent damage to plaintiff. Confronted with this predicament, plaintiff was not required to await the posting of the pickets prior to bringing his action. Equity aids the vigilant. Plaintiff was thereby entitled to the restraining order, and the motion to vacate same, pending the completion of the contract, was properly overruled. Since no picketing or other untoward event occurred during the progress of the construction, defendants are to be commended for respecting the restraining order.

Inasmuch as plaintiff stated a cause of action and submitted proof thereon entitling plaintiff to his injunction, he is entitled to recover his costs herein. The cause is dismissed at defendants' costs, and remanded to the Court of Common Pleas for execution for costs.

*Judgment accordingly.*

CONN and QUATMAN, JJ., concur.

QUATMAN, J., of the Third Appellate District, sitting by designation in the Sixth Appellate District.