THE TOLEDO EDISON CO., APPELLANT, *v.* DON KING CONSTRUCTION CO., INC., ET AL., APPELLEES.

(No. 203—Decided October 29, 1958.)

*Mr. Karl H. Weaner, Jr., Messrs. Fuller, Harrington, Seney & Henry* and *Mr. Wilson W. Snyder,* for appellant.

*Mr. John E. Kissner, Mr. John W. Winn* and *Mr. C. A. Bakle,* for appellees.

GUERNSEY, J. This is an appeal on questions of law and fact by The Toledo Edison Company, which we shall refer to

hereinafter as the plaintiff. It appears that the city of Defiance, Ohio, one of the defendants, entered into a contract with the defendant Bock & Knapp Construction Company for the construction of an intercepting sewer within the boundaries of First Street in said city. Plaintiff filed a petition to permanently enjoin defendant from doing certain acts in the construction of the sewer which plaintiff alleged could injure or damage the gas main, electric transmission line poles and electric transmission lines owned by plaintiff and located, pursuant to franchise, within the boundaries of First Street. Pending the granting of a permanent injunction plaintiff prayed for a temporary injunction, and further that if the temporary injunction would not be granted without notice of and a hearing thereon that a temporary restraining order be granted until a hearing could be had.

The petition was filed and a temporary restraining order made *ex parte* on August 27, 1956. Bond securing the order in the amount of $10,000 was fixed, given and approved instanter, and the date of hearing on the motion for the temporary injunction was set for September 6, 1956, and notice thereof served. The opinion of the Common Pleas Court indicates that the hearing set for said date was continued by agreement of the parties. Answers were filed by the respective defendants and thereafter on January 11, 1957, an entry was journalized which recited an agreement by the parties to the effect that the plaintiff was prepared to furnish the material and labor to protect its own installations without conceding any obligation therefor, and the contractor was to permit the use of its men and equipment in accomplishing such protection without conceding any obligation therefor. After such recital it was ordered by the court that the temporary restraining order be dissolved, that no temporary injunction issue so long as it appears that construction of the sewer is proceeding under the agreement, and that the questions as to whether the temporary restraining order should have been granted, the damages, if any, to the parties by reason thereof, and the responsibility for payment for the materials, equipment and labor in protecting the plaintiff's installations would be reserved for later determination of the court.

Thereafter construction of the intercepting sewer resumed and, it appears, was completed on or before November 15, 1957. On November 25, 1957, hearing was commenced by the Common Pleas Court on the single question of "whether the temporary restraining order ought or ought not to have been granted." On April 14, 1958, the court filed its entry finding and ordering that the plaintiff had the duty and obligation of protecting its own equipment and therefore the temporary restraining order ought not to have been granted; that the court should not retain jurisdiction over or determine the other questions previously reserved; and that "by reason of the foregoing findings and orders, no further issues remain herein for its determination, it is ordered that the plaintiff's petition be dismissed at its costs." It is from that judgment and decree that plaintiff took its appeal. No cross-appeal was effected by the defendants.

Defendants acknowledge that the "appeal is designated as an appeal on questions of law and fact, and these defendants do not question the propriety of that designation."

It appears that plaintiff is not dissatisfied with the judgment of the Common Pleas Court dismissing its petition for, as the construction had been completed, there were no threatened damaging or injurious acts remaining to be enjoined. Plaintiff's appeal is based, however, on the theory that the temporary restraining order was properly granted and that the plaintiff should not be bound by any finding or judgment of the Common Pleas Court to the contrary. If the determination of the Common Pleas Court, under the circumstances of this case, constituted a judicial determination that the restraining order should not have been granted, it might give rise to a cause of action for damages on the bond filed by plaintiff to secure the issuance of such order. For such reason the defendants are interested in having this court determine that the restraining order should not have been granted.

Although the procedure of the Common Pleas Court in granting a restraining order and thereafter passing on its own act in doing so seems at first blush an unorthodox procedure, it is nevertheless a procedure which may have some justifica-

tion in law by reason of the wording of Section 2727.07 of the Revised Code and the judicial interpretations thereof. *Columbus, Hocking Valley & Toledo Ry. Co.* v. *Burke,* 54 Ohio St., 98, at page 124, 43 N. E., 282, 32 L. R. A., 329. Nevertheless, the first question which confronts this court is not whether the procedure or determination of the Common Pleas Court was proper, but whether this court may, on an appeal on questions of law and fact, and on the facts of this case, pass on such procedure or determination.

It is too basic to require citation of authority that on an appeal in an injunction action on questions of law and fact there shall be a trial *de novo* on the facts as they appear at the time of the hearing on the merits on appeal. The fact that at the time of the hearing of this appeal construction had been completed pursuant to an agreement of the parties left no injurious or damaging acts threatened which could be enjoined even if plaintiff otherwise would have had a right to such injunction. Therefore for this reason alone, we have no alternative but to dismiss plaintiff's petition for a permanent injunction at its costs.

Although the pleadings on which this case was tried on appeal are the same pleadings as filed in the lower court, the case was heard *de novo* as to the issues joined, specifically on its merits as to the permanent injunction. The interlocutory question of whether a temporary restraining order should or should not be granted was not raised *de novo* by a renewal of the motion for such interlocutory relief or otherwise. *Widmer* v. *Fretti,* 95 Ohio App., 7, at page 22, 116 N. E. (2d), 728. Even could it be said that on an appeal on questions of law and fact an appellate court must pass on all interlocutory questions raised by any of the pleadings filed in the lower court, or had said motion been renewed, this court would have had to deny a temporary restraining order, for on the evidence before us it appeared that there were no longer any threatened acts to be restrained.

Had the appeal herein been perfected on questions of law only the result could not be different. Whether or not the action of the lower court with reference to the restraining order was

erroneous, we would still have to affirm the judgment of the lower court dismissing plaintiff's petition. In view of the fact that the construction work had previously been finished and there were no injurious or damaging acts threatened, the alleged error did not affect the validity of the judgment for under the facts it was a proper judgment.

We are not impressed with the cases cited by the parties herein as authority for the proposition that this court should review the action of the lower court determining that the restraining order should not have been granted, as all of such cases can be readily distinguished.

The case of *Wick* v. *Youngstown Sheet & Tube Co.*, 46 Ohio App., 253, 188 N. E., 514, involved the propriety of a final judgment granting a *permanent* injunction and the change of circumstances doing away with the need for same occurred after such judgment and before the hearing on appeal. It will also be noted that a great deal of what the court has to say is obiter, for the judgment of the Court of Appeals was that the defendants' motion to dismiss the case for the reason that the questions involved are moot should be sustained.

In the case of *Kellogg* v. *Board of County Commissioners of Franklin County*, 78 Ohio Law Abs., 502, 153 N. E. (2d), 521, the appeal on questions of law and fact was reduced to an appeal on questions of law only and the court thereby had full jurisdiction to rule upon the alleged errors of the lower court.

In the case of *Dible* v. *United Assn. of Journeymen and Apprentices of Plumbing and Pipefitting Industry*, 101 Ohio App., 233, 139 N. E. (2d), 57, the construction work involved was completed after the judgment of the lower court, and although the lower court had, as part of its final judgment for defendants, dissolved a restraining order previously granted, the Court of Appeals concluded that "there no longer exists a justiciable controversy between the parties which would warrant the granting of equitable relief at this time. The question has therefore become moot except with respect to the costs incurred herein and in the Common Pleas Court." The only question therefore surviving or considered was the question of costs. In the case now before this court it appears that plain-

tiff's petition being properly dismissed in the lower court, costs were likewise properly assessed against plaintiff.

In the case of *Forsythe* v. *Rees,* 33 Ohio Law Abs., 287, 34 N. E. (2d), 819, no interlocutory relief was involved, the judgment appealed was a final judgment for the defendants dismissing plaintiff's petition for a permanent injunction at plaintiff's costs, and the change in circumstances making the issue of the injunction moot occurred after judgment and before the hearing on appeal. The appellate court concluded that it could not grant an injunction and could only adjudicate the question of costs. It will be noted that notwithstanding the court's conclusion in this regard on the trial of the issue of costs as reported at 34 Ohio Law Abs, 357, 34 N. E. (2d), 819, the court concluded the same as the trial court and adjudged costs against plaintiff.

To distinguish the case of *Overesch* v. *Campbell,* 95 Ohio App., 359, 119 N. E. (2d), 848, we merely need quote the following from the opinion of the court:

''The appeal now here considered is upon questions of law and not upon questions of law and fact. It is not a *de novo* trial of the entire case. There can be no question that upon such latter appeal, where the basis for the relief sought by plaintiff, through change of circumstances, has ceased to exist, as where that which it is sought to enjoin has been accomplished, the reviewing court sitting as a court in chancery will follow the ancient maxim that 'equity will not require a vain thing.' ''

This court does not by reason of the fact that construction has been completed dismiss this appeal, for the appeal itself appears to have been properly perfected as an appeal on questions of law and fact from a final appealable order. No motion to dismiss the appeal has been filed, nor, under these circumstances, will this court do so *sua sponte.* The determination of this court therefore is, that on the issues joined in this court as to whether or not a permanent injunction shall issue against the defendants, the court finds that there are no injurious or damaging acts threatened as alleged in plaintiff's petition, that a permanent injunction shall not issue as prayed for, and therefore decrees that plaintiff's petition should be dismissed at plaintiff's costs.

This being an appeal on questions of law and fact, the decree and judgment of this court supersedes the decree and judgment of the lower court to the degree permitted by law. See *Morgridge* v. *Converse,* 150 Ohio St., 239, at page 245, 81 N. E. (2d), 112.

*Petition dismissed.*

MIDDLETON, P. J., and YOUNGER, J., concur.