STATE *ex rel.* HOWARD B. CHAMBERS

*v.*

THE COUNTY COURT OF MINGO COUNTY, WEST VIRGINIA, *et al, etc.*

(No. 12144)

Submitted November 21, 1961. Decided November 28, 1961.

*Leonard H. Higgins,* for relator.

*Jenkins & Jenkins, John E. Jenkins,* for respondents.

HAYMOND, PRESIDENT:

This is an original mandamus proceeding instituted in this Court November 14, 1961. The petitioner, Howard B. Chambers, seeks a writ to require the defendants, The County Court of Mingo County, West Virginia, and Grant Kennedy, W. A. Myers and James R. Farley, members of that court, to set aside their action on November 10, 1961, in appointing Thomas Varney as Sheriff of Mingo County, and to refrain from making any such appointment for a period of thirty days from November 7, 1961, the date of the entry of the judgment of this Court in the election contest proceeding between J. W. Copley, Jr. v. Howard B. Chambers, 146 W. Va. 674, 123 S. E. 2d 232.

On November 21, 1961, the return day of the rule issued upon the petition, this proceeding was submitted for decision upon the petition, the demurrer of the defendants, and the briefs and the oral arguments of the attorneys in behalf of the respective parties.

At the general election on November 8, 1960, Copley was the candidate of the Republican Party and Chambers was the candidate of the Democratic Party for the office of Sheriff of Mingo County, and according to the election returns Chambers was elected to that office. In an election contest subsequently instituted by Copley in the county court of that county, that court

by final order entered February 3, 1961, held that Chambers was ineligible to be elected to that office, that the certificate of his election be revoked and nullified, and that a vacancy existed in that office, and suspended execution of its judgment for a period of thirty days from the date of its entry. On appeal to the Circuit Court of Mingo County that court, by its final judgment rendered May 10, 1961, affirmed the judgment of the county court and suspended execution of the judgment of May 10, 1961, for a period of sixty days from that date.

On July 26, 1961, upon the petition of the contestee, Howard B. Chambers, this Court granted a statutory appeal from the judgment of the circuit court, but no writ of supersedeas was sought or awarded in connection with the appeal. By final judgment rendered November 7, 1961, this Court affirmed the judgment of the circuit court and the judgment of the county court, and suspended the operation of such judgment for a period of thirty days from its rendition to enable any party to file a petition for a rehearing under Rule XIII of this Court, which provides that ''All petitions for rehearing must be filed in the clerk's office not later than thirty days from the date of the decision complained of.'' During the pendency of the appeal in this Court the suspension by the circuit court of its judgment for a period of sixty days expired and was not in effect when the judgment of this Court was rendered on November 7, 1961. The decision of this Court has not as yet been certified and transmitted to the circuit court or the county court under Section 28, Article 5, Chapter 58, Code, 1931, which provides in part that when any term of the Supreme Court of Appeals is ended, or sooner, if the Court so direct, its clerk shall certify and transmit its decision to the clerk of the court below; but its operation has been suspended, by the rules of this Court, for a period of thirty days from November 7, 1961. After the expiration of that period, if no petition for a rehearing is filed, the decision of this Court, in the form of its

mandate, will be certified and transmitted in accordance with the foregoing statute.

On November 10, 1961, the county court, at a session attended by its three members, appointed Thomas Varney to the office of Sheriff of Mingo County and administered the oath of office to him as such sheriff.

The petitioner contends that the action of the county court in attempting to appoint Varney as sheriff before the decision of this Court in the election contest was certified and transmitted by the clerk of this Court as provided by statute was unauthorized and, for that reason, the attempted appointment of Varney to that office is null and void and of no legal force or effect. On the contrary the defendants contend that as no supersedeas had been issued, to suspend the operation of the judgment of the county court or the judgment of the circuit court which declared Chambers ineligible to be elected to the office of sheriff and that a vacancy existed in that office, and as the periods for which each of those judgments had been suspended had expired, the judgment of the circuit court and the judgment of the county court were in full force and effect and that under its judgment the county court was entitled to make a valid appointment to the office of sheriff.

This contention of the defendants is completely devoid of merit.

The law is well settled that, in the absence of statutory or constitutional provision to the contrary, when a proceeding in its entirety is removed from a lower court to an appellate court, the jurisdiction of the lower court as to such proceeding is lost and ceases until the proceeding is decided by the appellate court and the lower court does not again acquire jurisdiction of such proceeding until the decision of the appellate court is certified to the lower court and regularly entered of record. See 4A C.J.S., Appeal and Error, Section 607; 3 Am. Jur., Appeal and Error, Sec-

tion 1229; *United States v. Howe*, 280 F. 815, 23 A.L.R. 531, certiorari denied, 259 U. S. 587, 42 S. Ct. 590, 66 L. Ed. 1077. In 4A C.J.S., Appeal and Error, Section 607, the text, supported by the decisions of appellate courts in numerous jurisdictions cited in footnote 42, contains this language: "After jurisdiction has been transferred by the perfection of the proceedings for appellate review, the respective powers of the appellate and lower court are largely determined by the statutes regulating appellate matters in the particular jurisdiction. Usually, however, the transfer of jurisdiction gives to the appellate court the exclusive power and authority over the cause, action, or subject matter of the appellate proceeding, and the authority of the lower court with reference thereto is suspended so that it cannot proceed with the case until the appellate proceeding is heard and determined and the remittitur or mandate is regularly returned and entered on the records." See also 3 C. J., Appeal and Error, pp. 1252 and 1255.

The judgment or decree of an appellate court is binding on the lower court and the parties to the proceeding and it must be followed and acted on by the lower court; and when a judgment or decree is rendered by the appellate court the judgment of the lower court is vacated and superseded by the decision of the appellate court. 5B C.J.S., Appeal and Error, Section 1963. See also *Morgridge v. Converse*, 150 Ohio St. 239, 81 N. E. 2d 112; *Toledo Edison Company v. Don King Construction Company*, 109 Ohio App. 65, 164 N. E. 2d 176; *Commonwealth ex rel. Meredith v. Smith*, 274 Ky. 202, 118 S. W. 2d 538. In the *Morgridge* case the opinion contains this language: "Whether an appeal in a chancery case vacates or merely suspends the decree of the Court of Common Pleas during the time the appeal is pending is not important in this case, for the rule is well established in this state that when the decree is rendered by the Court of Appeals, the decree of the court below ceases to exist." In the opinion in the *Toledo Edison Company* case the Ohio

Court of Appeals said: "This being an appeal on questions of law and fact, the decree and judgment of this court supersedes the decree and judgment of the lower court to the degree permitted by law."

Section 29, Article 5, Chapter 58, Code, 1931, to the extent here pertinent, provides that "The court from which any case may have come to the supreme court of appeals shall enter the decision of the appellate court as its own, and execution thereon may issue accordingly."

In *Shields v. Romine*, 123 W. Va. 212, 14 S. E. 2d 777, an original mandamus proceeding, this Court had under consideration the provisions of Sections 28 and 29, Article 5, Chapter 58, Code, 1931, and the rules of this Court relating to the suspension of its judgments in appellate proceedings with respect to an attempted appointment of a member of a municipal water board in the place of a member of that board who had been removed from office by an order of the circuit court before the decision of this Court had been certified and transmitted to the lower court. In the *Shields* case this Court held in the syllabus that "A judgment or a decree of this Court, in a cause pending under its appellate jurisdiction, is not, within the term in which entered, unless otherwise ordered, operative and enforceable during the period of thirty days within which, under Rule XIII a petition to rehear the decision on which the same is based may be filed by any complaining party; and such judgment or decree may be suspended beyond the adjournment of the term in which entered to provide for the filing of a petition to rehear within the period aforesaid." The opinion in that case contains these statements, which apply to the questions involved in this mandamus proceeding:

"The question at issue involves the interpretation of the rules of this Court, and we, therefore, feel at liberty to refer to our own records. Code, 58-5-28, provides that 'when any term of the Supreme Court of Appeals is ended, or sooner if the court so direct

* * *,' the clerk shall certify its decisions to the clerk of the court below, which certification, however, can be had at any time on joint application of interested parties. This certification, commonly called the mandate, is then entered on the record of the court below as its decision. Code, 58-5-29. We know from our own records that since the adoption of the rule requiring the filing of petitions for rehearing within thirty days, and the use of the orders permitting the filing of petitions for rehearing within thirty days, and the use of the orders permitting the filing of such petitions within said period, even after the adjournment of the term, our decisions are not certified to the lower court until expiration of said period. Of course, in exceptional cases, or upon joint request of the parties, we can do so. In the ordinary case, not involving original jurisdiction or contempt, we do not enforce our orders and decrees; we certify our decisions to the court below, and they are executed through its processes. We sometimes enter here the order or decree which we think the court below should have entered, but we go no further. This being true, strongly argues, we think, for the position that the judgments and decrees of this Court should not be treated as final and operative during the period within which a petition for rehearing may be filed.

" * * * . Unquestionably, as a general rule, judgments and decrees of any court are effective from date of entry for most purposes, but the word 'effective' may tend to confuse, because we know that even where they may be said to be effective, they are not always operative and enforceable until a later date. * * * . We do not question the soundness of the general rule thus announced, but we think our rules and orders have encroached thereon to the extent that it should now be said that the same should not apply to judgments and decrees of this Court during the period when a petition to rehear the same may be filed, particularly in cases where the order or decree is in its nature self-executing.

"  *  *  * . We venture the assertion that the judgments and decrees of this Court are not considered by the members of the bar in general as having any finality during the period allowed for the filing of petitions for rehearing; by our own orders, some of these judgments and decrees are denied finality even after the adjournment of the term at which they are announced; a long course of official conduct on the part of this Court and its clerical force has established the rule that our decisions are not certified to the court below until after the expiration of thirty days, thus delaying the enforcement thereof by the court below, the only tribunal where, as a general rule, they can be enforced, and as a result denying any finality thereto in any true sense of the word. We think this practice has been accepted by the bar of the state, is supported by logic and our rules and orders, and that it should not now be disturbed."

When this Court granted the appeal in the election contest the jurisdiction of the county court and of the circuit court to take any further action in that proceeding was lost and terminated until the decision of this Court on such appeal is certified and transmitted to each of those courts as provided by statute; and when the judgment of this Court was rendered in that proceeding on November 7, 1961, the judgment of each of those courts was vacated and superseded until the decision of this Court was so certified and transmitted to and regularly entered of record by those courts. When the decision of this Court is so certified and its mandate is entered by the lower court from which an appeal is taken, the decision of this Court becomes the decision of the lower court. As the decision of this Court on November 10, 1961, had not been certified and transmitted by mandate to the circuit court or the county court and as yet has not been so certified, the county court was without power or authority to take any action in the election contest or to make any appointment of any person to the office of sheriff of the county and the pretended appoint-

ment which it attempted to make on November 10, 1961, of Thomas Varney to that office was illegal and void and of no force or effect.

When in a contest involving the election of a person to the office of sheriff of a county, this Court, upon appeal from a judgment of the circuit court affirming a judgment of the county court declaring a person who claims to have been elected to that office to be ineligible to be so elected, affirms such judgments, the county court is without power or authority to appoint any person to that office until the decision of this Court is certified to and its mandate is regularly recorded by the county court. Any such prior appointment by the county court is illegal and void and of no force or effect; and mandamus lies to require the county court to rescind, vacate and annul such pretended appointment.

As the questions here involved relate solely to the attempted appointment of Varney to the office of sheriff and do not relate to or affect the status of the petitioner, Howard B. Chambers, which has been determined by the decision of this Court in the election contest, his present status is not considered, discussed or in any manner dealt with or affected in or by this mandamus proceeding.

For the foregoing reasons the defendants, The County Court of Mingo County and Grant Kennedy, W. A. Myers and James R. Farley, its members, are directed and required, by the writ of mandamus awarded in this proceeding, forthwith to hold a session of such court and at such session to reverse and set aside the order entered November 10, 1961, relating to the office of sheriff of Mingo County, and to rescind, vacate and annul the pretended appointment of Thomas Varney to the office of sheriff of that county.

*Writ awarded.*